### RULOFF *v.* HAZEN.

1. MORTGAGES—SETTLEMENT.

   Where complainant had taken up a mortgage in 1877, given by him in 1869, and executed a new one for a larger amount in lieu thereof, and payments had been voluntarily made on the amount secured by the later mortgage, it was proper for the court, in the absence of any satisfactory evidence of the true amount due on the mortgage of 1869, to consider the mortgage of 1877 as a settlement between the parties to that date, and conclusive of the amount due.

2. SAME—CONSIDERATION—RECITALS.

   Where a mortgage executed by complainant in 1891 was attacked by him on the ground of want of consideration, and it appeared that the only consideration therefor was the sum remaining due under a mortgage given in 1877, the recitals in the later mortgage were not conclusive on the question of consideration, but it was the duty of the court to determine by computation the actual amount so due.

3. SAME—INTEREST—DEFERRED PAYMENTS—COMPUTATION.

   In 1877 complainant executed a mortgage on his property, and in 1891 gave a new mortgage in lieu thereof, the only consideration for which was the amount due on the old one. There was a mistake in the computation, and the circuit judge, in attempting to ascertain the amount due, computed interest on deferred payments of interest under the mortgage of 1877 down to 1891, but made no rest there, continuing to compute interest on the sum due at the maturity of the first mortgage down to date. *Held,* that this was error; that the total amount unpaid in 1891 should be taken as a new principal in the further computation.

Cross-appeals from St. Clair; Atkinson, J. Submitted April 13, 1900. Decided July 7, 1900.

Bill by George Ruloff against Ezra Hazen to restrain the foreclosure of a mortgage and for an accounting. From the decree rendered, both parties appeal. Modified.

*Warren S. Stone* and *Seth W. Knight*, for complainant.

*Law & Moore*, for defendant.

Montgomery, C. J.    On the 12th day of December, 1891, complainant executed to one Ella H. Sprague his note, secured by a mortgage on complainant's farm, in the sum of $1,085, which was subsequently assigned to defendant.    The defendant commenced foreclosure proceedings, and this bill is filed to restrain such proceedings, for an accounting, and to obtain a decree declaring that nothing is due.    The bill sets up that complainant became the owner of the land described in 1863, having purchased the same of one Warn; that the land was then subject to a mortgage of $81.23, which complainant assumed, and also gave a purchase-money mortgage to Warn of $143.-72; that these two mortgages were afterwards assigned to defendant; that in August, 1869, the two mortgages were taken up, and a mortgage of $233.14 was given, the rate of interest being changed from 7 per cent. to 10 per cent.; that on the 12th of January, 1877, the complainant again gave a new mortgage of $410; that this mortgage ran along until December 12, 1891, when complainant renewed for $1,085.    The bill sets up that payments in sufficient sums to satisfy the original mortgages had been made to defendant before the execution of the present mortgage at all, and that he has paid considerable sums since for which defendant ought to account.    It is conceded that, whoever may have been the apparent owner of the mortgage debt, the defendant has been the real owner at all times.    The complainant charges that he was misled by defendant's computations in making the payments and renewals, relying on the defendant's honesty, but was greatly deceived by him.    The circuit court granted relief in part, decreeing that the amount due at the date of filing the bill was $742.98, and that on payment of that sum complainant would be entitled to a discharge.    From this decree both parties appeal.    The cir-

cuit judge treated the mortgage of 1877 as a settlement of previous dealings, saying that it was impossible to go back of that date, and get at the facts satisfactorily. From this conclusion, complainant appeals.

Defendant was, at the date of the taking of the testimony, 82 years of age and nearly blind. The only memorandum which he was able to find on his books which throws any light on the subject was one of July 1, 1876, which shows the amount due at that time to be $387. This sum, with interest added to January 12, 1877, would amount to substantially the $410 for which the mortgage of that date was given. We have met with the same difficulty in going back of that date that confronted the circuit judge.

The complainant claims that the computation of interest on the first mortgages should be at the rate of 7 per cent., while defendant claims that interest at a much higher rate was exacted and agreed upon. This claim, if true, accounts in large part, if not wholly, for the difference between the parties, and, if such payments have been voluntarily made, we are not justified, after this lapse of time, in disturbing the account. See *Gardner* v. *Matteson*, 38 Mich. 200; *Smith* v. *Stoddard*, 10 Mich. 148 (81 Am. Dec. 778).

We think the circuit judge was right in taking this date for the starting point, if complainant was entitled to any relief. Defendant contends that the mortgage of 1891 is conclusive as to the amount then due. The question involved relates to the consideration of the mortgage now held by defendant. The only consideration for that mortgage is the sum remaining unpaid on the one of January 12, 1877. Of necessity, we are called upon, therefore, to ascertain how much was due on that mortgage in order to learn how much is due on the present one. The circuit judge, in ascertaining the amount due, computed interest on deferred payments of interest under the mortgage of 1877 down to December 12, 1891, but made no rest there, and continued to compute interest on the sum due at the

maturity of the first mortgage down to date. We think this is error. Whatever remained unpaid on the 1877 mortgage on the 12th of December, 1891, was then due. The parties saw fit to extend the time of its payment two years, with interest payable annually at 7 per cent. This was computed, and it is not inequitable that the terms of the mortgage be enforced so far as they relate to interest.

The decree will be modified by stating the amount due on July 12, 1899, as $942.62, and in all other respects affirmed. We award no costs to either party in this court.

The other Justices concurred.