FARLEY v FISCHER

Docket No. 74962. Submitted May 16, 1984, at Detroit.—Decided
September 18, 1984.

Plaintiff, Clay Farley, brought an action against his former wife,
Shirley Fischer, for recovery of money owed pursuant to a
provision of the prior divorce judgment. That judgment pro-
vided that, in exchange for Clay Farley's quit-claim deed of his
interest in the marital home, defendant was to pay him $20,000
within two years of the divorce judgment, with interest at 8%
per annum. Plaintiff was to retain a lien on the property until
the debt was paid. Plaintiff brought this action when the debt
was unpaid within the two years. The Macomb Circuit Court,
George R. Deneweth, J., granted judgment in favor of plaintiff
for the amount owed, the 8% interest thereon, and judgment
interest of 12% per annum. Defendant appealed, alleging that
the 8% interest rate violated the usury statute. *Held:*

1. Plaintiff's lien interest does not, as defendant contended,
constitute a second mortgage on the property.

2. The usury statute applies to the forbearance of money and,
in the circumstances of this case, does apply to the agreement
for payment of interest. Because the 8% interest rate is usuri-
ous, the plaintiff is barred from recovery of any interest on the
original debt.

3. Plaintiff is entitled to 12% judgment interest. The usury
statute and the statute providing for judgment interest do not
conflict.

Affirmed in part, reversed in part.

1. Interest — Usury.

The Michigan usury statute applies not only to simple loans of
money but also to the forbearance of money and to the exten-
sion of all pre-existing debts, contracts and assurances; its
application is thus not limited only to lenders, borrowers,

References for Points in Headnotes

[1-3] 45 Am Jur 2d, Interest and Usury §§ 117 *et seq.,* 248, 249.
[2] 24 Am Jur 2d, Divorce and Separation §§ 817 *et seq.,* 934.
[3] 45 Am Jur 2d, Interest and Usury §§ 59, 60.

mortgage loan associations and banks operating in the ordinary course of business (MCL 438.31; MSA 19.15[1]).

2. DIVORCE — PROPERTY AGREEMENT — FORBEARANCE OF MONEY — USURY.

An agreement in a divorce judgment providing for payment by the wife to the husband for the husband's equity interest in the marital home, such payment to be deferred for two years and to include interest thereon, constituted a written agreement by the husband to forbear the payment of money and was, therefore, subject to the interest rate limitation of the usury statute; the fact that the debt was secured by a lien on the property does not matter (MCL 438.31; MSA 19.15[1]).

3. INTEREST — JUDGMENT INTEREST — USURY.

A plaintiff seeking payment of a debt may be entitled to judgment interest even though he is precluded by the usury statute from recovering interest on the original debt (MCL 438.32, 600.6013; MSA 19.15[2], 27A.6013).

*Justine A. Orris* and *Jerald R. Lovell,* of counsel, for plaintiff.

*James D. Wines,* for defendant.

Before: M. J. KELLY, P.J., and BRONSON and C. W. SIMON,* JJ.

PER CURIAM. Defendant appeals as of right from an order granting plaintiff 8% interest on the principal sum of $20,000 owed plaintiff by defendant under the property settlement provisions of a divorce decree. Defendant also appeals the imposition of 12% judgment interest. We reverse in part and affirm in part.

The parties to this action were divorced on January 29, 1981. According to the provisions of a property settlement agreement negotiated between the parties and approved by the trial court, plaintiff (defendant in the divorce action) quit-claimed

---

* Circuit judge, sitting on the Court of Appeals by assignment.

to defendant his interest in the marital property. In return, defendant was required to pay plaintiff $20,000 within two years of the date of the divorce judgment:

"It is further ordered and adjudged that the defendant, Clay Farley, shall convey, by quit claim deed to the plaintiff, Shirley J. Farley, his interest in and to the marital home of the parties hereto * * *. * * * and the plaintiff, Shirley Farley, shall, upon entry of this judgment, be liable for the unpaid balance of the first mortgage on said property, and shall indemnify and hold defendant harmless for said indebtedness.

"It is further ordered and adjudged that defendant, Clay Farley, at the time of conveyance by him, be granted a lien interest in the marital home, in the amount of twenty thousand dollars ($20,000.00), which amount represents his interest in the equity of said premises, payable within two (2) years from entry of judgment of divorce and that said equitable interest shall bear interest at the rate of eight percent (8%) per annum until paid in full."

Defendant failed to pay plaintiff $20,000 by January 29, 1983, and plaintiff filed a post-divorce complaint seeking a judgment in that amount and seeking 8% interest per annum from January 29, 1981, to the date of judgment. Defendant answered with a confession of judgment as to the principal but contested the interest rate imposed, arguing that an 8% rate violated the Michigan usury statute, MCL 438.31; MSA 19.15(1). The trial court eventually granted summary judgment in favor of plaintiff both as to the principal owed and as to the rate of interest imposed.

On appeal, we are asked to determine whether the agreement between defendant and plaintiff regarding the $20,000 debt is subject to the usury

statute. MCL 438.31; MSA 19.15(1) provides in relevant part:

"The interest of money shall be at the rate of $5.00 upon $100.00 for a year, and at the same rate for a greater or less sum, and for a longer or shorter time, except that in all cases it shall be lawful for the parties to stipulate in writing for the payment of any rate of interest, not exceeding 7% per annum."

Defendant argues on appeal, as she did at trial, that plaintiff's $20,000 lien interest constitutes a second mortgage and is therefore subject to the 7% interest limitation of the usury law. See *Bebee v Grettenberger*, 82 Mich App 416; 266 NW2d 829 (1978). The trial court rejected this argument, as do we, on the ground that there is no evidence in the record from which to infer that the lien granted plaintiff was intended to be a second mortgage.

We nevertheless conclude that payment of 8% interest is usurious under the circumstances and is thus unenforceable. Michigan's usury statute has been broadly construed to apply not only to simple loans of money but to the forbearance of money as well as to the extension of all pre-existing debts, contracts, and assurances. *Hillman's v Em 'N Al's*, 345 Mich 644, 651; 77 NW2d 96 (1956); *Attorney General v Contract Purchase Corp*, 327 Mich 636, 642-643; 42 NW2d 768 (1950). We thus reject the trial court's determination that the usury statute was intended to apply only to "lenders, borrowers, mortgage loan associations and banks which were operating in the ordinary course of business".

In looking at the nature and substance of the parties' settlement agreement in this case, as is required under *Wilcox v Moore*, 354 Mich 499, 504; 93 NW2d 288 (1958), it is clear to us that plaintiff

intended to transfer or sell his interest in the marital property to the defendant for payment of $20,000. Deferred payment was apparently negotiated in order that defendant would have the opportunity to sell or refinance the home and thus obtain the money to pay plaintiff. In consideration for plaintiff's acceptance of a deferred payment arrangement, he was to receive 8% interest on the debt owed. We conclude that because plaintiff forbore the payment of money and did so in writing, this transaction is subject to the usury statute and corresponding interest rate limitation of 7%. The fact that the debt owed was secured by a lien on the property does not matter. Under MCL 438.32; MSA 19.15(2), plaintiff is now barred from the recovery of any interest on the original debt. See also *Abeloff v Ohio Finance Co,* 313 Mich 568, 579; 21 NW2d 856 (1946).

Plaintiff is, however, entitled to judgment interest at 12% under MCL 600.6013; MSA 27A.6013. The judgment interest statute evidences a legislative intent to encourage prompt compliance with court orders. Absent the imposition of judgment interest, defendant has little incentive to comply with the trial court's order requiring payment of the principal. The usury statute bar against recovery of interest, on the other hand, discourages the imposition of usurious rates on original debts by disallowing the recovery of the legal rate of interest once a rate has been determined usurious. We see no conflict between these two statutes and conclude that while MCL 438.32; MSA 19.15(2) precludes recovery of interest on the original debt, MCL 600.6013; MSA 27A.6013 allows recovery on the judgment.

Reversed in part and affirmed in part.