### DUBY v DUBY

Docket No. 85942. Submitted February 3, 1987, at Lansing. Decided October 5, 1987. Leave to appeal applied for.

Plaintiff, Kim Robert Duby, and defendant, Michelle Duby, were divorced in the Ingham Circuit Court. They had been married since 1976 and had one child in 1977. At the time of the divorce, plaintiff had an earning capacity of approximately $50,000 to $55,000 a year, while defendant's earning capacity was approximately $11,000 to $12,000 a year. The parties' primary asset was a marital home. The court determined that their equity in the house, $21,000, should be equally divided, but that defendant could remain in the house with the minor child. It ordered defendant to pay plaintiff $10,500 plus interest at ten percent compounded annually from the date of judgment upon the happening of certain events, James R. Giddings, J. Defendant appealed.

The Court of Appeals *held:*

1. The usury statute does not apply to property divisions ordered by a court pursuant to either adjudication or a property settlement agreement.

2. The Court of Appeals was convinced that it would have reached a different result had it occupied the trial court's position. The Court vacated the award of interest.

Vacated in part and remanded.

Divorce — Usury — Property Division.

The usury statute does not apply to property divisions ordered by a court pursuant to either adjudication or a property settlement agreement (MCL 438.31; MSA 19.15[1]).

*Rapaport, Pollok & Farrell, P.C.* (by *Mark S. Farrell*), for plaintiff.

*Bos & Hanes, P.C.* (by *Todd D. Chamberlain*), for defendant.

References

Am Jur 2d, Interest and Usury §§ 111 *et seq.*, 166 *et seq.*

Agreement for share in earnings of or income from property in lieu of, or in addition to, interest as usurious. 16 ALR3d 475.

Before: MACKENZIE, P.J., and WEAVER and J. E. ROBERTS,* JJ.

MACKENZIE, P.J. The parties were divorced by a judgment entered June 14, 1985. Defendant wife appeals the judgment as of right, claiming violation of Michigan's usury statute in regard to the division of the marital home.

Plaintiff and defendant were married on November 17, 1976. Plaintiff husband filed for divorce in December, 1983. The parties had one child, Robert John Duby, born on February 6, 1977. During the divorce proceedings, testimony indicated that plaintiff had an earning capacity of approximately $50,000 to $55,000 a year, while defendant's earning capacity was approximately $11,000 to $12,000 a year.

The parties' primary asset was the marital home. The trial court determined that their equity in the house, $21,000, should be equally divided, but that defendant could remain in the house with the minor child. The "Property Adjudication" portion of the judgment of divorce therefore awarded defendant the marital home subject to the following provisions:

> IT IS FURTHER ORDERED AND ADJUDGED that the Defendant shall pay to the Plaintiff the sum of Ten Thousand Five Hundred and no/100 Dollars ($10,500.00), *plus interest at Ten Percent (10%) compounded yearly from the date of this Judgment to the date of payment.* The above obligation shall be secured by a lien on the property above described. Defendant shall make all mortgage and tax payments due up to June 11, 1985 and shall keep the property in reasonable repair.
>
> IT IS FURTHER ORDERED AND ADJUDGED that the

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

above payment shall be made when the child of
the parties, Robert John Duby, reaches the age of
eighteen (18) years of age (born February 6, 1977),
or when the Defendant sells the home, or when
the Defendant no longer lives in the residence.
[Emphasis added.]

The decision to grant or withhold interest on an
equitable real estate lien pursuant to a judgment
of divorce is within the discretion of the court.
*Youmans v Youmans,* 108 Mich App 597; 310
NW2d 809 (1981); *Saber v Saber,* 146 Mich App
108; 379 NW2d 478 (1985). In this case, defendant
does not dispute the court's decision to award
plaintiff such interest; instead, defendant chal-
lenges the court's determination that the interest
rate be set at ten percent. Defendant argues that
payment of ten percent interest is usurious under
Michigan's usury statute, MCL 438.31; MSA
19.15(1).

Defendant's contention is based upon *Farley v
Fischer,* 137 Mich App 668; 358 NW2d 34 (1984).
In that case, the parties' property settlement
agreement, incorporated in a consent judgment of
divorce, provided that the wife would pay the
husband for his interest in the marital home
within two years of the divorce judgment, with
eight percent interest. A panel of this Court held
that, under the usury statute, the eight percent
per annum interest rate was usurious. 137 Mich
App 671-672. The panel reasoned that, since the
plaintiff forbore the payment of money (his inter-
est in the marital home) and did so in writing, the
usury statute and its seven-percent limitation ap-
plied.

The trial court in the instant case distinguished
*Farley* on the ground that *Farley* involved a judg-
ment of divorce which incorporated a property
settlement agreement rather than an adjudicated

property division, as here. We are convinced that that is a distinction without meaning. Whether the terms of a property division in a divorce decree are adjudicated by the court or agreed to by the parties, they are in either instance ordered by the trial court, in the exercise of its discretion and within its equitable powers. *Jones v Jones,* 132 Mich App 497, 501-502; 347 NW2d 756 (1984); *Kowalesky v Kowalesky,* 148 Mich App 151, 155; 384 NW2d 112 (1986), lv den 425 Mich 876 (1986); *Bone v Bone,* 148 Mich App 834, 838; 385 NW2d 706 (1986).

Nevertheless, we are of the opinion that *Farley* was wrongly decided. The purpose of usury statutes is "to protect borrowers from the outrageous demands often made and required by lenders." 45 Am Jur 2d, Interest & Usury, § 8, p 22. As rather floridly stated in § 4, pp 18-19 of that work:

> It has always been recognized that in the power of the lender to relieve the wants of the borrower lies the germ of oppression, and with the humanitarian purpose of protecting needy borrowers from unconscionable moneylenders, the legislatures of many states have enacted laws, designed for the protection of borrowers against the oppressive exactions of moneylenders which often they are powerless to resist, limiting the rate of interest the lender of money may charge for its use.

This purpose—the protection of "needy borrowers" or the penalization of "unconscionable moneylenders"—is simply not relevant when the transaction at hand is a trial court's order regarding a property settlement in a divorce judgment. The setting of interest is within the equitable powers of the trial court. *Youmans, supra.* The issue, then, is not whether one of the *parties* is exacting an excessive interest rate, but whether the *trial court,* in exer-

cising its equitable powers in dividing the marital estate, abused its discretion in setting the level of interest.

We modify the trial court's assessment of interest here because we are convinced we would have reached another result had we occupied the position of the trial court. *Parrish v Parrish,* 138 Mich App 546, 553; 361 NW2d 366 (1984). It appears from the record that the trial court's overriding concern was that plaintiff receive reasonable compensation for his lost opportunity to use his property for several years. In determining what rate of interest would be reasonable, the judge considered the financial situation of the parties and then-existing borrowing rates. These are all valid considerations; however, in this case, in the interest of fairness, we would give more weight to the social value of enabling defendant to provide a home for the minor child and to the disparity of the parties' earning ability.

The trial court awarded defendant the house so that she could live there and raise the parties' son, Robert, age 8½ at the time of trial, until Robert was eighteen years old. The trial court was aware that plaintiff earned approximately $50,000 a year while defendant earned approximately $12,000 a year. Also, defendant was to assume the $22,000 mortgage on the home. With all this in mind, we think the trial court abused its discretion in determining that defendant should pay plaintiff $10,500 for his equity in the home plus ten percent interest compounded annually. If defendant continued to live in the house for the next ten years until Robert is eighteen years old, she would owe plaintiff so much money that considering her income and the outstanding $22,000 mortgage, she would probably have to sell the house in order to be able to pay plaintiff.

We vacate that part of the judgment ordering the payment of interest by defendant to plaintiff on the indebtedness for his equity in the marital home. Such indebtedness shall not be interest bearing.

Vacated in part and remanded.