## KRISFALUSI v KRISFALUSI

Docket No. 104428. Submitted March 7, 1989, at Detroit. Decided July 17, 1989. Leave to appeal applied for.

Plaintiff, Charles D. Krisfalusi, and defendant, Nancy C. Krisfalusi, were divorced pursuant to a judgment entered in the Macomb Circuit Court. The parties' property settlement incorporated into the judgment contained a provision that plaintiff pay defendant $75,000 in quarterly installments over a period not to exceed five years, with the first installment due on June 1, 1980, and bearing interest at the rate of nine percent per annum from March 1, 1980. Between September 30, 1980, and February 6, 1986, plaintiff made a series of eleven payments totaling $75,000. The payments were not made on a quarterly basis nor were they completed within five years. Plaintiff refused to make payments with respect to the interest owed on the $75,000. Defendant then petitioned to enforce the divorce judgment. Following a hearing, the trial court, Kenneth N. Sanborn, J., issued an opinion and order in favor of defendant ordering plaintiff to pay defendant the outstanding balance owed under the terms of the divorce judgment, including interest. Plaintiff appealed alleging that the nine percent interest rate violates Michigan's usury statute.

The Court of Appeals *held:*

The usury statute does not apply to property divisions in divorce matters. The trial court did not abuse its discretion in the assessment of interest. The case is remanded for a computation of the amount of interest due defendant.

Affirmed and remanded.

1. DIVORCE — USURY — PROPERTY DIVISION.

   The usury statute does not apply to property division ordered by courts in divorce matters (MCL 438.31; MSA 19.15[1]).

2. DIVORCE — PROPERTY DIVISION — INTEREST.

   The exercise of discretion by a trial court in setting the interest

REFERENCES

Am Jur 2d, Appeal and Error § 941; Divorce and Separation § 934; Interest and Usury § 73.

See the Index to Annotations under Divorce and Separation; Interest on Money.

rate applicable to a property division ordered in a divorce matter is subject to review on appeal for an abuse of discretion, including the award of interest on sums to be paid under a property division when the payments are overdue.

3. INTEREST — PARTIAL PAYMENTS.

The rule adopted in Michigan for the computation of interest in case of partial payments is to apply the payment in discharge of the matured interest, and the surplus, if any, upon the principal, after which interest is computed on the new principal; but if the accrued interest exceeds the payment, the surplus must not be added to the principal, but interest will be computed on the former principal until the aggregate payments exceed the interest due, then the surplus will be applied upon the principal, after which interest will be computed on the new principal.

*Frank J. Palazzolo,* and *Jerald R. Lovell,* of Counsel, for plaintiff.

*Kenneth L. Simmons,* for defendant.

Before: McDONALD, P.J., and SULLIVAN and NEFF, JJ.

NEFF, J. Plaintiff appeals as of right from a circuit court order enforcing the parties' March 3, 1980, judgment of divorce and directing plaintiff to pay defendant the outstanding balance owed to defendant under the terms of the divorce judgment, including interest payments.

The parties' property settlement incorporated into the judgment of divorce contained a provision that plaintiff pay defendant $75,000 in quarterly installments over a period not to exceed five years, with the first installment due on June 1, 1980, and bearing interest at the rate of nine percent per annum from March 1, 1980. This amount was secured by a lien against an investment property awarded to plaintiff. The lien, dated February 25, 1980, and recorded March 13, 1980, stated that it was given to secure payment of the $75,000, to-

gether with interest at nine percent per annum upon the unpaid principal from the date thereof until fully paid.

Plaintiff also executed a promissory note and agreed to pay defendant $75,000 in quarterly installments for a period not to exceed five years. The unpaid portion of the amount due was to bear interest at the rate of nine percent per annum.

Between September 30, 1980, and February 6, 1986, plaintiff made a series of eleven payments to defendant totaling $75,000. These payments were not, however, paid on a quarterly basis nor were they completed within five years. Plaintiff refused to make any payments to defendant with respect to the interest owed on the $75,000.

Defendant thereafter filed a petition to enforce the parties' divorce judgment. Following a hearing, the trial court issued an opinion in favor of defendant and ordered plaintiff to pay defendant the outstanding balance owed under the terms of the divorce judgment, including interest. An order enforcing the judgment of divorce and directing plaintiff to pay the interest owed was entered by the trial court on October 21, 1987.

Plaintiff maintains on appeal that the nine percent interest rate included in the property settlement violates Michigan's usury statute, MCL 438.31; MSA 19.15(1). We disagree.

I

In *Farley v Fischer,* 137 Mich App 668, 671-672; 358 NW2d 34 (1984), a panel of this Court held that, under the usury statute, the eight percent per annum interest rate contained in the parties' property settlement agreement was usurious. This Court in *Farley* held that the plaintiff was barred from the recovery of any interest on the original debt, but also held that the plaintiff was entitled

to judgment interest at twelve percent under MCL 600.6013; MSA 27A.6013.

In *Duby v Duby,* 163 Mich App 396; 413 NW2d 807 (1987), remanded 430 Mich 879 (1988), the defendant wife argued that the payment of ten percent interest pursuant to the property settlement contained in the parties' judgment of divorce was usurious under MCL 438.31; MSA 19.15(1). The panel of this Court in *Duby* found that *Farley* was wrongly decided. Quoting from 45 Am Jur 2d, Interest & Usury, § 8, p 22, this Court stated: "The purpose of usury statutes is 'to protect borrowers from the outrageous demands often made and required by lenders.' " *Duby, supra,* p 399.

Quoting from 45 Am Jur 2d, Interest & Usury, § 4, pp 18-19, the *Duby* panel also stated:

> It has always been recognized that in the power of the lender to relieve the wants of the borrower lies the germ of oppression, and with the humanitarian purpose of protecting needy borrowers from unconscionable moneylenders, the legislatures of many states have enacted laws, designed for the protection of borrowers against the oppressive exactions of moneylenders which often they are powerless to resist, limiting the rate of interest the lender of money may charge for its use. [*Duby, supra,* p 399.]

This Court in *Duby* went on to find that the purpose of the usury statute—the protection of needy borrowers or the penalization of unconscionable moneylenders—is not relevant when the transaction involves a trial court's order regarding a property settlement in a judgment of divorce. *Duby, supra.*

II

We agree with the panel of this Court in *Duby*

that the issue is not whether one of the parties is exacting an excessive interest rate, but, rather, whether the trial court, in exercising its equitable powers, abused its discretion in setting the level of interest. *Duby, supra,* pp 399-400.

As noted by Justice SMITH in *Hillman's v Em 'N Al's,* 345 Mich 644, 652; 77 NW2d 96 (1956): "Transactions allegedly usurious in nature take many forms." However, in the context of a divorce action where the trier of fact, the circuit judge, makes the determination of the interest rate, we need not worry about the "guile" employed in the negotiation of the transaction or the "intention of the lender," and we need not be concerned with "looking through the form to the substance" to determine whether a "device or shift" has been "employed to conceal the true character of the transaction." *Hillman's, supra.*

In this context the trial judge, a disinterested third party, reviews the matter and, in the exercise of judicial discretion, establishes the interest rate. The exercise of that discretion is, of course, subject to review on appeal for abuse, like many other determinations of a circuit judge exercising equitable powers in divorce actions, including awarding interest on sums to be paid under a property division when the payments are overdue. *Lawrence v Lawrence,* 150 Mich App 29, 34; 388 NW2d 291 (1986); *Ashbrenner v Ashbrenner,* 156 Mich App 373, 376-377; 401 NW2d 373 (1986).

Accordingly, in agreement with the panel of this Court in the *Duby* case, we find that the usury statute does not apply to property divisions in divorce matters.

III

We affirm the trial court's assessment of interest

here because we are not convinced that an abuse of discretion has occurred or that we would have reached a different result had we occupied the position of the trial court. *Kowalesky v Kowalesky,* 148 Mich App 151, 155; 384 NW2d 112 (1986), lv den 425 Mich 876 (1986); *Bone v Bone,* 148 Mich App 834, 838; 385 NW2d 706 (1986).

We do remand this case to the trial court for a computation of the amount of interest due defendant. The parties agree that the United States rule, as set forth in *Wallace v Glaser,* 82 Mich 190, 191; 46 NW 227 (1890), should apply, and we direct the trial court to use that rule in computing interest due defendant.

Although defendant argues on appeal that she is entitled to attorney fees, this issue is not properly before us because defendant never cross appealed the trial court's adverse decision. *Mich Ass'n of Administrative Law Judges v Personnel Director of the State of Michigan,* 156 Mich App 388, 395; 402 NW2d 19 (1986).

Affirmed, but remanded to the trial court for a computation of the interest due defendant. We do not retain jurisdiction.