NIGGELING v DEPARTMENT OF TRANSPORTATION

Docket No. 133808. Submitted February 5, 1992, at Grand Rapids. Decided July 20, 1992, at 9:55 A.M.

Janet Niggeling, as conservator for Jon W. Hill, brought an action in the Court of Claims against the Department of Transportation, seeking damages resulting from an automobile accident. The court, John D. Payant, J., entered judgment for the plaintiff following a bench trial. The judgment included awards of prejudgment and postjudgment interest of twelve percent, compounded annually. The defendant paid the judgment principal and subsequently paid postjudgment interest while it appealed the award of prejudgment interest. The Court of Appeals affirmed the award of prejudgment interest, determining it to be authorized by MCL 600.6455; MSA 27A.6455. 183 Mich App 770 (1990). The defendant tendered an amount it computed to be the balance of its obligation to the plaintiff. The plaintiff claimed additional interest was due, and the trial court ordered the defendant to pay the additional interest as computed by the plaintiff. The defendant appealed.

The Court of Appeals *held:*

1. MCL 600.6455; MSA 27A.6455 provides in part that where a bona fide, reasonable, written offer of settlement in a civil action in tort is not made by the party against whom the judgment is subsequently rendered, or is made but not filed with the court, the court must order that interest of twelve percent, compounded annually, be paid from the date of the filing of the complaint to the date of the satisfaction of the judgment.

2. The rule in Michigan for the computation of interest in cases of partial payment applies the payment in discharge of accrued interest and the surplus, if any, in discharge of the principal. Compound interest may lead to interest on interest, in that accrued interest is added at the end of the compounding period to the principal and subsequent interest is assessed on the total of unpaid principal and unpaid accrued interest. The plaintiff correctly applied the principles governing partial payment and compound interest in computing the balance of the defendant's obligation.

Affirmed.

*Blanton & Bowman, P.C.* (by *Michael Bowman*), and *Petrucelli & Petrucelli, P.C.* (by *Vincent R. Petrucelli*), for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Brenda E. Turner* and *John P. Mack,* Assistant Attorneys General, for the defendant.

Before: MacKenzie, P.J., and Weaver and R. B. Burns,* JJ.

MacKenzie, P.J. Plaintiff's ward was injured in a 1985 automobile accident. On June 27, 1986, plaintiff filed suit in the Court of Claims against defendant. Following a bench trial, a judgment in plaintiff's favor was entered in the amount of $887,154, plus postjudgment interest. The court subsequently entered an order assessing prejudgment interest from the date of the filing of the complaint. Defendant appealed the assessment of prejudgment interest. This Court affirmed. *Niggeling v Dep't of Transportation,* 183 Mich App 770; 455 NW2d 415 (1990).

Defendant paid plaintiff the judgment amount of $887,154, on November 19, 1988. On November 23, 1988, defendant paid plaintiff $32,666.71 in postjudgment interest, representing twelve percent simple interest on the judgment amount from the date of entry through the date of payment of the principal amount. On July 18, 1990, after this Court affirmed the award of prejudgment interest, defendant paid plaintiff $234,472.79. Plaintiff claimed additional interest of $63,087.22, plus $20.74 per day, and filed a motion to compel payment of interest. The trial court agreed and

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

entered an order assessing interest based on the following computations submitted by plaintiff:

1) 6/27/86 to 6/27/87: Principal ($887,154.00) and interest at 12% ($106,458.48) equals $993,612.48.

2) 6/27/87 to 6/27/88: Principal ($993,612.48) and interest at 12% ($119,233.49) equals $1,112,845.90.

3) 6/27/88 to 11/19/88: Principal ($1,112,845.90) and interest for 145 days at 12% ($53,050.73) equals $1,165,896.60. Subtract payment on 11/19/88 of $887,154.00 to equal outstanding amount of $278,742.60. ($887,154.00 paid on 11/19/88).

4) 11/19/88 to 11/23/88: Principal ($278,742.60) and interest for 4 days at 12% ($366.56) equals $279,109.16. Subtract payment of post-judgment interest of $32,666.71 to equal outstanding amount of $246,442.45. ($32,666.71 paid on 11/23/88).

5) 11/23/88 to 6/27/89: Principal ($246,442.45) and interest for 216 days at 12% ($17,500.32) equals $263,943.23.

6) 6/27/89 to 6/27/90: Principal ($263,943.23) and interest at 12% ($31,673.18) equals $295,616.41.

7) 6/27/90 to 7/18/90: Interest accumulated at a daily rate of $97.18.

8) 6/27/90 to 7/18/90: Principal ($295,616.41) and interest for 20 days at 12% ($1,943.60) equals $297,560.01. Subtract payment of $234,472.79 to equal outstanding amount of $63,087.22.

9) 7/18/90 to present: Interest accumulates at a daily rate of $20.74 until payment in full.

Defendant now appeals as of right. We affirm.

In *Niggeling, supra,* this Court held that prejudgment interest should be awarded under MCL 600.6455(5); MSA 27A.6455(5), which provides:

Except as otherwise provided in subsection (3), if a bona fide, reasonable written offer of settlement

in a civil action based on tort is not made by the party against whom the judgment is subsequently rendered, or is made and that offer is not filed with the court, the court shall order that interest be calculated from the date of filing the complaint to the date of satisfaction of the judgment.

There is no dispute concerning the rate of interest, twelve percent per annum, or that it is to be compounded annually. See MCL 600.6455(1); MSA 27A.6455(1); *Niggeling, supra.* The calculations adopted by the trial court assume that, because of compounding, a balance was due after the two payments made by defendant in November 1988, and that the balance continued to accrue interest at the statutory rate of twelve percent compounded annually. Defendant claims that this method of calculation was improper. We disagree.

Compound interest means interest on interest, in that accrued interest is added periodically to the principal, and interest is computed upon the new principal thus formed. *Ruloff v Hazen,* 124 Mich 570, 572-573; 83 NW 370 (1900); 45 Am Jur 2d, Interest & Usury, § 76, p 69. The difference between simple and compound interest is that simple interest does not merge with the principal and thus does not become part of the base on which future interest is calculated. *Gage v Ford Motor Co,* 423 Mich 250, 259; 377 NW2d 709 (1985); *Stewart v Isbell,* 155 Mich App 65, 79; 399 NW2d 440 (1986).

Partial payment stops the accrual of interest only with respect to the portion paid, not to the entire amount determined to be due. *Cates v Moyses,* 57 Mich App 405, 412; 226 NW2d 106 (1975), modified on other grounds 394 Mich 762 (1975). Tender of only that portion for which a party believes itself to be liable does not toll the

accrual of interest on the entire liability later determined to be due. *Id.*

Michigan follows the Massachusetts or United States rule in computing interest: a partial payment is applied first to interest then due; if the payment exceeds the interest, the surplus goes toward discharging the principal, and the subsequent interest is to be computed on the balance of the principal remaining due. *Wallace v Glaser,* 82 Mich 190, 191; 46 NW 227 (1890); *Krisfalusi v Krisfalusi,* 178 Mich App 458, 463; 444 NW2d 196 (1989), rev'd on other grounds 434 Mich 916 (1990).

Applying these principles to this case, we conclude that the Court of Claims properly adopted plaintiff's computation of interest. Plaintiff's calculation adds the interest to the judgment amount annually on June 27, 1987, and June 27, 1988. It continues to add simple interest at a per diem rate until the date of defendant's first partial payment, November 19, 1988, and deducts that payment from the total then due. The calculation continues in this fashion, adding interest to the principal annually, and setting off the remaining payment.

Defendant characterizes the payment made on November 19, 1988, as payment of the principal. The amount paid corresponds to the amount of the damage award; by the time that payment was made, however, the "principal" included the interest added annually. Further, by the time that payment was made, simple interest had accumulated from June 27, 1988, to November 19, 1988, the date of the payment. Simple interest does not become part of the judgment. *Gage, supra,* p 259; *Schwartz v Piper Aircraft Corp,* 90 Mich App 324, 327; 282 NW2d 306 (1979). Compound interest, however, merges with the principal; there is no distinction between the original principal and added interest.

Defendant argues that it is unfair for plaintiff to have had use of the funds, and for her to collect interest on the funds from defendant as well. Plaintiff has not computed interest on the portion of the judgment paid by defendant. The calculations adopted by the lower court credit the payments made by defendant and continue to calculate interest on the remaining balance. There is no accrual of interest on funds previously paid.

Defendant cites authority suggesting that it could have stopped the interest from accumulating further by depositing the disputed sum with the clerk of the court. MCR 2.620(2). *Coughlin v Dean,* 174 Mich App 346, 354; 435 NW2d 792 (1989). Defendant chose not to do that. Instead, it tendered payment only of the undisputed sums. Those payments stopped the accrual of interest only with respect to the amount paid, not with respect to the entire amount later found to be due. *Cates, supra.*

Finally, we reject defendant's suggestion that no interest accrues between anniversary dates. Defendant's expert assumed accrual of interest at the annual rate of twelve percent simple interest, figured on a per diem basis, at several points in defendant's proposed calculations. Moreover, the statute requires that interest under subsection 5 "be calculated from the date of filing the complaint to the date of satisfaction of the judgment." MCL 600.6455(5); MSA 27A.6455(5). This suggests that interest accrues to the satisfaction date, not to the last previous anniversary of the filing of the complaint.

It appears that defendant's entire argument hinges on the mistaken assumption that only the amount of damages awarded by the court constituted the judgment principal. The Legislature specified compound interest; that interest became

an integral part of the principal upon being added at annual intervals. Defendant's payments constituted partial payment, applied first to accrued interest and then to reduction of principal. Having chosen not to deposit the disputed sum with the clerk of the court, defendant remains liable for the interest that has accrued since its last payment.

Affirmed.