WESTCHESTER FIRE INSURANCE COMPANY v SAFECO
INSURANCE COMPANY

Docket No. 145989. Submitted November 2, 1993, at Detroit. Decided
February 22, 1994, at 9:20 A.M.

Westchester Fire Insurance Company, the workers' compensation
carrier for University Cellar, Inc., brought an action in the
Wayne Circuit Court against Safeco Insurance Company, University
Cellar's no-fault insurer, seeking a declaration that it
was not liable for the wage-loss and medical benefits of Frederick
Paper, a University Cellar employee, and seeking reimbursement
from the defendant of benefits it had already paid to
Paper for injuries suffered while riding in an automobile owned
by University Cellar. The court action was held in abeyance
while the question whether Paper was entitled to workers'
compensation benefits was decided by the Bureau of Workers'
Disability Compensation. Because Westchester had stopped
paying benefits under its policy, Safeco made payments to
Paper under the no-fault policy and, thereafter, filed a counterclaim
for reimbursement of the wage loss and medical benefits
that it had paid to Paper that were in excess of its obligations
under the no-fault policy. When the bureau determined that
Paper's injuries had been suffered in the course of his employment
and that Westchester thus was liable for workers' compensation
benefits, both insurers filed motions for summary
disposition in the circuit court action. Westchester subsequently
sent a check to Safeco in the amount of $62,172.63
along with a letter that indicated its belief that such payment
fulfilled its obligation, including interest, to Safeco for amounts
that Safeco had paid. Safeco returned the check, and the court,
J. Phillip Jourdan, J., granted summary disposition for Safeco
and entered a judgment of $57,000 in damages and $19,258.84
in interest. Westchester appealed.

The Court of Appeals *held:*

1. The one-year statute of limitations for actions to recover
personal protection insurance benefits payable under the no-

REFERENCES
Am Jur 2d, Automobile Insurance §§ 34, 432, 437.
See ALR Index under No-Fault Insurance; Satisfaction.

fault act, MCL 500.3145; MSA 24.13145, is not applicable to an action by a no-fault insurer seeking reimbursement of expenses paid in excess of its policy obligation. Accordingly, Safeco was not precluded from bringing its counterclaim, nor was it limited to only those costs incurred within one year before the filing of its counterclaim.

2. The circuit court had jurisdiction to adjudicate the question of Safeco's counterclaim for reimbursement of those amounts that it had expended during the period that Westchester wrongfully had refused to pay workers' compensation benefits, inasmuch as the Bureau of Workers' Disability Compensation lacked jurisdiction to determine the respective rights and obligations between the workers' compensation insurer and the no-fault insurer.

3. The tendering by Westchester of the check in an amount that it believed to be its outstanding obligation but which was not sufficient to satisfy its entire obligation including interest did not stop the accrual of interest with respect to the amount tendered. Accordingly, the interest on the amount of the counterclaim properly continued to accrue until summary disposition was granted and the judgment was paid.

Affirmed.

1. INSURANCE — NO-FAULT — LIMITATION OF ACTIONS.

The one-year statute of limitations for actions to recover personal protection insurance benefits payable under the no-fault act is not applicable to an action by a no-fault insurer seeking reimbursement for expenses paid in excess of its policy obligation (MCL 500.3145; MSA 24.13145).

2. WORKERS' COMPENSATION — COURTS — INSURANCE — NO-FAULT.

A circuit court has jurisdiction to adjudicate a claim by a no-fault insurer for reimbursement from a workers' compensation insurer after the Bureau of Workers' Disability Compensation has determined that injuries arising out of the operation of an automobile were compensable injuries under the Workers' Disability Compensation Act.

3. SATISFACTION — ACCRUAL OF INTEREST.

The tendering of payment in supposed satisfaction of a claim before the claim has been reduced to judgment will not stop the accrual of interest with respect to the amount tendered if the tendered amount is insufficient to discharge the entire obligation and is not accepted by the party to whom it is offered.

*Galbraith & Booms* (by *Steven B. Galbraith*), for the plaintiff.

*Siemion, Huckabay, Bodary, Padilla & Morganti, P.C.* (by *Thomas M. Caplis* and *Michael J. Rinkel*), for the defendant.

Before: GRIBBS, P.J., and SHEPHERD and P. E. DEEGAN,* JJ.

SHEPHERD, J. Plaintiff appeals as of right from an October 14, 1991, order of the Wayne Circuit Court granting defendant's motion for summary disposition. We affirm.

This case arose out of an automobile accident in which Frederick Paper, an employee of University Cellar, Inc., was seriously injured. Paper was riding in a company car en route to a trade show when the accident occurred. Plaintiff, Westchester Fire Insurance Company, was the workers' compensation insurer for University Cellar. Defendant, Safeco Insurance Company, was the no-fault insurer for University Cellar's company car in which Paper was riding.

Initially, plaintiff paid wage-loss and medical benefits to Paper on his assertion that he was injured in the course of employment. However, on February 23, 1987, plaintiff discontinued coverage to Paper and filed a notice of dispute with the Bureau of Workers' Disability Compensation. Defendant petitioned the bureau for intervention in order to protect its interests.

While the action before the bureau was still pending, plaintiff filed a complaint for declaratory relief in circuit court on March 9, 1988, in which it sought a declaration that it had no obligation to Paper. Plaintiff also sought reimbursement from defendant of the expenses it had paid to and on behalf of Paper.

On July 19, 1988, testimony was heard by a

* Circuit judge, sitting on the Court of Appeals by assignment.

workers' compensation magistrate concerning the petition that had been filed with the bureau. However, an opinion in the matter would not be issued for a number of months.

Meanwhile, on August 18, 1988, defendant[1] filed a counterclaim in the circuit court action, seeking reimbursement from plaintiff of the wage-loss and medical benefits that it had paid to Paper in excess of its obligations under the no-fault insurance policy.

On November 2, 1988, an opinion was issued by the workers' compensation magistrate. The magistrate concluded that Paper's injuries were incurred in the course of employment with University Cellar. Thus, the magistrate found University Cellar responsible for all of Paper's past medical expenses as well as ongoing medical treatment. In addition, University Cellar was ordered to pay Paper compensation at the rate of $155.05 a week until further order of the bureau.[2] However, the decision of the bureau made no mention of the respective rights of plaintiff and defendant for past amounts paid on behalf of Paper.

In the circuit court action, both parties filed motions for summary disposition. Then, in May 1991, defendant received a check from plaintiff in the amount of $62,172.63. As explained in the cover letter accompanying the check, plaintiff believed that the check fulfilled its obligation to defendant. According to plaintiff, the check reim-

[1] Technically, on August 18, 1988, defendant became "defendant and counter-plaintiff" and plaintiff became "plaintiff and counter-defendant." However, consistent with the terminology of the trial court, and for ease of reference, we use the truncated titles.

[2] University Cellar appealed the magistrate's decision to the Workers' Compensation Appeal Board, which affirmed, sought leave to appeal to this Court, which was denied, unpublished order of the Court of Appeals, decided August 6, 1990 (Docket No. 124087), and sought leave to appeal to the Supreme Court, which was denied, 437 Mich 979 (1991).

bursed defendant for past medical expenses, for past weekly benefits, and for interest on the weekly benefits due and owing at a rate of ten percent, ostensibly in accordance with the decision of the Workers' Compensation Appellate Commission. However, defendant never cashed the check, and returned it to plaintiff in July 1991, during a hearing on its motion for summary disposition.

On October 14, 1991, the trial court entered its order granting summary disposition to defendant Safeco on its claim for reimbursement against plaintiff Westchester. The trial court ordered plaintiff to pay defendant $57,000 for wage-loss benefits and medical expenses, in addition to $19,258.84 in interest. Plaintiff now appeals from that order.

I

First, plaintiff argues that MCL 500.3146; MSA 24.13146 provides for a one-year period of limitation with respect to defendant's claim for reimbursement. Plaintiff cites *Badger State Mutual Casualty Ins Co v Auto-Owners Ins Co,* 128 Mich App 120; 339 NW2d 713 (1983), in support of this interpretation of § 3146 of the no-fault act.

Where a question of law is presented for this Court, we will review the issue de novo. *In re Lafayette Towers,* 200 Mich App 269, 273; 503 NW2d 740 (1993).

However, at the outset, we note a crucial deficiency in plaintiff's argument. Plaintiff must have intended to argue that § 3145,[3] rather than § 3146 applies to this case, because the latter statutory section concerns reimbursement by an insured out of a tort recovery—which is clearly not the situation in the instant case. Further, while plaintiff

---

[3] MCL 500.3145; MSA 24.13145.

contends that *Badger* supports its interpretation of § 3146, we note that this Court in *Badger* addressed the applicability of § 3145.

Having ascertained that § 3145 rather than § 3146 was the intended subject of plaintiff's first argument, § 3145(1) of the no-fault act provides in relevant part as follows:

> An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.

Specifically, citing *Badger,* plaintiff argues that defendant's claim is precluded by the one-year period of limitation of § 3145 or, in the alternative, that defendant can only recover those costs in excess of its policy incurred not longer than one year before the filing of its counterclaim.

However, the interpretation of § 3145 set forth in *Badger,* and adopted by plaintiff, has been criticized by the Michigan Supreme Court in *Auto Club Ins Ass'n v New York Life Ins Co,* 440 Mich 126; 485 NW2d 695 (1992). Thus, *Auto Club* controls the outcome of this issue.

The Supreme Court in *Auto Club* held that the one-year limitation and recovery period of § 3145

is not applicable to a no-fault insurer seeking reimbursement for expenses paid in excess of its policy obligation. *Id.* at 137-138. Rather, § 3145 is applicable to a suit "for the recovery of personal protection insurance benefits payable under the no-fault act." *Auto Club, supra* at 134. The no-fault insurer in *Auto Club,* similar to defendant here, was permitted to bring a common-law contract action for reimbursement, as subrogee, under the traditional six-year period of limitation for contract actions. The distinction is that the insurer is not seeking personal protection insurance benefits under the no-fault act, but rather is attempting to obtain reimbursement for what it ultimately was not obligated to pay under the no-fault act. Thus, in accordance with *Auto Club, supra* at 138, we conclude that defendant's counterclaim falls outside the scope of § 3145.

II

Next, plaintiff argues that the circuit court lacked jurisdiction to adjudicate defendant's counterclaim, because the matter already had been decided by the Bureau of Workers' Disability Compensation. However, we disagree.

While it is the rule that the bureau has exclusive jurisdiction to decide whether injuries suffered by an employee were in the course of employment, *Sewell v Clearing Machine Corp,* 419 Mich 56, 62; 347 NW2d 447 (1984), the courts retain jurisdiction to determine more "fundamental" issues, and to adjudicate claims not based upon the employer-employee relationship. *Id.* at 62, n 5; *Modeen v Consumers Power Co,* 384 Mich 354, 360; 184 NW2d 197 (1971); *Amerisure Ins Cos v Time Auto Transportation, Inc,* 196 Mich App 569, 572; 493 NW2d 482 (1992). This principle is echoed through-

out many other states as well as our own, as noted in 4 Larson, Workmen's Compensation Law, § 92.42, p 17-54:

> [W]hen the rights of the employee in a pending claim are not at stake, many commissions disavow jurisdiction and send the parties to the courts for relief. This may occur when the question is purely one between two insurers.

In the instant case, the circuit court action was not based upon the employer-employee relationship. Paper's rights to workers' compensation had already been determined by the bureau. However, the bureau's decision lacked a determination of the respective rights and obligations between plaintiff and defendant—the workers' compensation and no-fault insurers. Thus, it was necessary for the circuit court to exercise its concurrent jurisdiction to decide this dispute between the two insurers.

In *Lulgjuraj v Chrysler Corp,* 185 Mich App 539, 545; 463 NW2d 152 (1990), this Court held that the Workers' Compensation Appeal Board had exclusive jurisdiction over a claim for reimbursement against an employee for the double payment of disability and workers' compensation benefits. However, the situation in *Lulgjuraj* is distinguishable from the present case.

Here, the employee, Mr. Paper, was not a party to the circuit court action as was Mr. Lulgjuraj. Paper had already received a favorable decision from the bureau, and the insurers did not dispute his right to compensation in the circuit court proceedings. While defendant may have been equitably subrogated to enforce the rights of the employee against plaintiff, *Auto Club, supra* at 137-138, the employment relationship was merely inci-

dental to defendant's contractual claim for reimbursement in the circuit court.

Thus, in accordance with the foregoing authorities, we hold that the circuit court had concurrent jurisdiction to decide the claims between the two insurers.

III

Finally, there is the issue whether plaintiff's tender of the check for $62,172.63 to defendant satisfied its obligation to defendant and tolled the further accumulation of interest on the amount tendered. We hold that the check did not satisfy plaintiff's obligation to defendant and did not stop the accrual of interest.

In the recent case of *Niggeling v Dep't of Transportation,* 195 Mich App 163, 166; 488 NW2d 791 (1992), this Court stated that "[p]artial payment stops the accrual of interest only with respect to the portion paid, not to the entire amount determined to be due." However, *Niggeling* is distinguishable from the case at bar because therein the trial court had already entered a judgment before the defendant paid a portion of the amount due. In the case at bar, there was not yet a judgment between the two insurers in circuit court when plaintiff tendered the initial check to defendant.

In addition, *Niggeling* may be distinguishable on other grounds. The Court in *Niggeling* did not go into detail concerning whether the plaintiff agreed to a partial satisfaction of judgment in accordance with MCR 2.620 upon each payment. On this point, plaintiff acknowledges that MCR 2.620 is applicable to the case at bar, but argues that a judgment may be satisfied and the accrual of interest tolled by other methods not specifically outlined in the rule.

MCR 2.620 outlines the methods for satisfying a judgment as follows:

> A judgment may be shown satisfied of record in whole or in part by:
>
> (1) filing with the clerk a satisfaction signed and acknowledged by the party or parties in whose favor the judgment was rendered, or their attorneys of record;
>
> (2) payment to the clerk of the judgment, interest, and costs, if it is a money judgment only; or
>
> (3) filing a motion for entry of an order that the judgment has been satisfied.
>
> The court shall hear proofs to determine whether the order should be entered.
>
> The clerk must, in each instance, indicate in the court records that the judgment is satisfied in whole or in part.

While MCR 2.620 utilizes the ostensibly permissive language that a judgment "may" be satisfied by one of three methods, case law concerning the rule strongly suggests that these three methods together are the exclusive means to satisfy a judgment.

In *Yuhase v Macomb Co*, 176 Mich App 9, 11; 439 NW2d 267 (1989), this Court rather cursorily noted that a judgment was not satisfied for the failure to include within the satisfaction of judgment whether the satisfaction was in whole or in part as required by MCR 2.620.

In *Coughlin v Dean*, 174 Mich App 346, 353; 435 NW2d 792 (1989), upon allowing the accrual of interest, this Court stated that nothing prevented the defendant "from paying into court that portion of the judgment for which, as insurer, it was liable." While *Coughlin* is somewhat distinguishable because a judgment already had been entered

in the trial court, and the plaintiff actually was precluded from accepting payment by operation of the name and retain provision of the dramshop act, this Court nevertheless emphasized that if the amount had been simply paid into court, MCR 2.620(2) "would have cut off further accrual of interest."

In the present case, it is clear that plaintiff's tender of the check to defendant was not in accordance with MCR 2.620. Plaintiff did not file a motion for entry of an order of satisfaction, make any payment to the clerk of the court, or file with the clerk of the court a signed satisfaction of judgment. Interestingly, plaintiff does not argue that it attempted to secure a written satisfaction of judgment from defendant at any time. Indeed, plaintiff could not have obtained a satisfaction of judgment, because at the time of the tender there was not yet any judgment in the circuit court action between the two insurers.

We are particularly mindful that plaintiff was the party that initiated the action in circuit court; thus, plaintiff should not be heard to complain now for the accrual of interest on any circuit court judgment. It is obvious that interest is calculated differently on a circuit court judgment under a contract claim, MCL 600.6013(6); MSA 27A.6013(6), than on a decision awarding workers' compensation, MCL 418.801(6); MSA 17.237(801)(6).

Thus, defendant was not required to accept the check in full or partial satisfaction, because a judgment between the two insurers had not yet been entered in circuit court. Further, plaintiff's actions were not in accordance with MCR 2.620 and did not operate to stop the accrual of interest on defendant's counterclaim in circuit court.

Affirmed.