YOUNG v SHULL

Docket No. 76978. Submitted January 9, 1985, at Grand Rapids.—
Decided February 19, 1986.

On November 30, 1981, Valient H. Young filed a complaint
against James B. Shull in Ottawa Circuit Court alleging that
he suffered a serious impairment of a bodily function when his
automobile was struck by an automobile owned by Shull and
insured by Security Casualty Company, an Illinois insurer. On
December 4, 1981, Security Casualty was found to be insolvent
by the Cook County (Illinois) Circuit Court and an order of
liquidation was issued against Security Casualty, by which the
control of the company, its property, business and affairs was
vested with the Director of the Illinois Insurance Department.
On December 10, 1981, defendant was served with the sum-
mons and complaint. A default was entered on January 28,
1982, two days after plaintiff received notice of the order of
liquidation against Security Casualty. In February, 1983, the
Illinois Insurance Department entered into an agreement with
the Michigan Property & Casualty Guaranty Association
(MPCG), which was legislatively created to protect insureds and
persons with claims against insureds from potentially cata-
strophic loss in the event the insurer becomes insolvent,
whereby MPCG would pay all covered claims of Security Casu-
alty policyholders pursuant to Michigan law. Security Casualty
in the meantime had been appealing from the order or liquida-
tion and, on July 21, 1983, the Illinois Supreme Court issued its
affirmance of the order. On October 11, 1983, the Ottawa
Circuit Court, Calvin L. Bosman, J., entered a judgment of
default against Shull in the amount of $75,000, plus costs and
interest. A writ of garnishment was issued on November 16,
1983, and served upon MPCG. On December 20, 1983, defen-
dant filed a motion to set aside the default judgment claiming
that the default judgment was void because it was entered in
violation of the section of the Michigan Property and Casualty

REFERENCES

Am Jur 2d, Insurance §§ 19, 88-107, 269-319.

What constitutes insolvency of insurance company justifying state
dissolution proceedings and the like. 17 ALR4th 16.

Guaranty Association Act which provides that all proceedings in which an insolvent insurer is a party or is obligated to defend shall be stayed for six months after the date a receiver is appointed for the insolvent insurer. Defendant contends that the Illinois Supreme Court's mandate finalized the liquidation order as of June 21, 1983, and that the six-month stay of proceedings would begin as of that date. Plaintiff argued that the liquidation order became final on December 4, 1981, the date the Illinois Circuit Court issued the order. The Ottawa Circuit Court denied defendant's motion to set aside the default, finding that no extraordinary circumstances existed to justify the relief sought. Defendant appealed. *Held:*

1. The trial court did not abuse its discretion in denying defendant's motion to set aside the default judgment. Defendant failed to file an affidavit setting forth a meritorious defense to plaintiff's personal injury claim, as required by the court rules.

2. An order of liquidation appointing a receiver does not become final until all possible appeals have been exhausted. The Illinois order of liquidation appointing a receiver to take possession and control of Security Casualty did not become final until June 21, 1983, the date on which the Illinois Supreme Court issued its mandate denying Security Casualty leave to appeal. On that date, MPCG became responsible for Security Casualty's obligations and became entitled to a six-month stay of proceedings. The trial court thus abused its discretion by failing to set aside the default judgment on the ground that the judgment was entered within the six-month period in violation of the statute.

3. The entry of default is not set aside, however, because default was entered 17 months before Security Casualty became an insolvent insurer by final order of the Illinois Supreme Court. Security Casualty had notice of plaintiff's claim and was not denied the opportunity to properly defend. The remand of this case to the trial court does not necessarily entitle defendant to a trial on the merits. The default judgment is set aside merely because it was not properly entered. Plaintiff is not precluded from again seeking default judgment since the six-month stay has expired and defendant did not seek an extension of the stay.

The default judgment is set aside. Remanded for further proceedings.

1. INSURANCE — STATUTES — JUDICIAL CONSTRUCTION.
   Laws applicable to insurance are to be liberally construed in favor of the policyholders, creditors and the general public.

2. INSURANCE — STATUTES — JUDICIAL CONSTRUCTION.

> Statutes relative to insurance will be construed in the most beneficial way which their language will permit to prevent absurdity, hardship, or injustice, to favor public convenience, and to oppose all prejudice to public interests.

3. INSURANCE — PROPERTY AND CASUALTY GUARANTY ASSOCIATION ACT.

> The Property and Casualty Guaranty Association Act was designed to protect insureds and persons with claims against insureds from potentially catastrophic loss in the event the insurer becomes insolvent (MCL 500.7901 *et seq.;* MSA 24.17901 *et seq.).*

4. INSURANCE — INSOLVENT INSURERS — RECEIVERS — PROPERTY AND CASUALTY GUARANTY ASSOCIATION ACT — STAY OF PROCEEDINGS.

> An order of liquidation appointing a receiver does not become final until all possible appeals have been exhausted for purposes of the section of the Michigan Property and Casualty Guaranty Association Act which provides that all proceedings in which an insolvent insurer is a party or is obligated to defend shall be stayed for six months after the date a receiver is appointed for the insolvent insurer (MCL 500.7945; MSA 24.17945).

*Cunningham, Mulder & Breese, P.C.* (by *Kenneth B. Breese),* for plaintiff.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Donald S. Young* and *M. Teresa D'Arms),* and *Smith, Haughey, Rice & Roegge, P.C.,* for defendant.

Before: MacKENZIE, P.J., and R. M. MAHER and R. J. CHRZANOWSKI,* JJ.

PER CURIAM. Defendant James Shull and garnishee-defendant Michigan Property and Casualty Guaranty Association (hereinafter MPCG) appeal as of right from the denial of defendant's motion to set aside a default judgment.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

On November 30, 1981, plaintiff filed a complaint in Ottawa County Circuit Court alleging that he sustained a serious impairment of a bodily function when his automobile was struck by an automobile owned by defendant and insured by Security Casualty Company (hereinafter Security), an Illinois insurer. On December 4, 1981, the Cook County (Illinois) Circuit Court issued an order of liquidation with a finding of insolvency against Security, vesting control of Security, its property, business and affairs, with the Director of the Illinois Insurance Department. Security appealed from the entry of the order.

Defendant was served with the summons and complaint on December 10, 1981. Default was entered on January 28, 1982, two days after plaintiff received notice of the order of liquidation.

On December 13, 1982, the order of liquidation was affirmed by the Illinois Appellate Court. In February, 1983, the Illinois Insurance Department entered into an agreement with the MPCG which provided that if and when the order of liquidation became final, MPCG would pay all covered claims of Security policyholders pursuant to Michigan law. The order of liquidation was affirmed by the Illinois Supreme Court on May 30, 1983. The Supreme Court's mandate was issued on June 21, 1983.

On October 11, 1983, the trial court entered a judgment of default against defendant in the amount of $75,000, plus costs and interest. A writ of garnishment was issued on November 16, 1983, and served upon the MPCG. On December 20, 1983, defendant filed a motion to set aside the default judgment pursuant to GCR 1963, 520.4 and 528.3(4) and (6).[1] The trial court denied the motion,

---

[1] Defendant's claim advanced at trial that the award of damages is

finding no extraordinary circumstances justifying relief.

GCR 1963, 520.4, now MCR 2.603(D), provides that a proceeding to set aside a default judgment shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed. Since defendant failed to file an affidavit setting forth a meritorious defense,[2] we find no abuse of discretion in the trial court's refusal to set aside the default judgment pursuant to rule 520.4. *Yenglin v Mazur,* 121 Mich App 218; 328 NW2d 624 (1982).

GCR 1963, 528.3, now MCR 2.612(C), allows relief from judgment under certain specific circumstances. In this case, defendant claims that he is entitled to relief from judgment under subsections (4) and (6), which allow relief where a judgment is void or relief is otherwise justified. Defendant claims that the default judgment is void because it was entered in violation of § 7945 of the Michigan Property and Casualty Guaranty Association Act, which provides:

"All proceedings in any court of law of this state to which the insolvent insurer is a party, or in which the insurer is obligated to defend or has assumed the defense of a party, shall be stayed for 6 months after the date a receiver is appointed, and for any additional time as determined by the court which has jurisdiction over those proceedings, to permit proper defense of all pending causes of action." MCL 500.7945; MSA 24.17945.

Section 7945 applies only to an insolvent insurer, defined as:

---

excessive and does not conform to plaintiff's injuries has been abandoned on appeal.

[2] Defendant filed affidavits setting forth facts concerning his insurer's insolvency which defendant alleged stayed entry of default judgment. At no time did defendant file an affidavit or otherwise claim that he had a meritorious defense to plaintiff's personal injury claim.

"[A]n insurer: (i) for which a domiciliary receiver has been appointed by a final order in this state or in a reciprocal state * * * for the liquidation of the insurer; and (ii) which has been a member insurer. The date on which the order becomes final shall be the date on which the receiver is appointed for purposes of this chapter." MCL 500.7921(a); MSA 24.17921(a).[3]

According to this statutory scheme, the six-month stay provision of § 7945 begins to run on the day upon which an order of liquidation becomes final. Plaintiff argues that the order of liquidation became final on December 4, 1981, the date it was issued. Under this analysis, the stay expired on June 4, 1982, and the default judgment entered 16 months later is valid. Defendant argues that the order did not become final until June 21, 1983. Under this analysis, the default judgment is void because it was entered during the six months following entry of the order. Thus, the determination of when the six-month stay provision was triggered depends upon a determination of when the order of liquidation appointing the receiver became final. We agree with defendant that, for purposes of the act, the order became final on June 21, 1983.

In interpreting the Property and Casualty Guaranty Association Act, we employ established principles of statutory construction governing insurance laws.

"Since the insurance business is one affected with a public interest, laws applicable to insurance are to be liberally construed in favor of the policyholders, creditors and the general public. Statutes relative to insurance will be construed in the most beneficial way which

---

[3] A domiciliary receiver is a receiver in the state in which the insurer was incorporated. MCL 500.7837(e) and (l) MSA 24.17837(e) and (l). Illinois is a reciprocal state. MCL 500.7837(g); MSA 24.17837(g).

their language will permit to prevent absurdity, hardship or injustice, to favor public convenience and to oppose all prejudice to public interests. The statute is to be given a reasonable construction looking to its purpose and the object it seeks to accomplish." *Allen v Michigan Property & Casualty Guaranty Ass'n,* 129 Mich App 271, 274; 341 NW2d 500 (1983).

The Property and Casualty Guaranty Association Act was designed to protect insureds and persons with claims against insureds from potentially catastrophic loss in the event the insurer becomes insolvent. *Id.* "Such persons have a right to rely on the existence of an insurance policy and are not likely to be in a position to evaluate the financial stability of the insurance company and have no control over the time at which their claims against the company may arise." *Id.* By creating the MPCG, the Legislature provided a means of paying and discharging obligations of insolvent insurers.

Although the act was designed primarily to protect insureds and persons with claims against insureds, the act also protects the MPCG by affording it the same rights that the insolvent insurer would have had if not in receivership, including the right to appear, defend and appeal a claim. MCL 500.7931(2); MSA 24.17931(2). We believe that the purpose of § 7945 is to provide the MPCG, not the insurer, with sufficient time to prepare a proper defense. We do not believe that the MPCG can assume an insurer's rights until appellate review of a finding of insolvency and order of liquidation is exhausted. We recognize that finality of an order is generally equated with its applicability. However, for purposes of § 7945, we believe that an order of liquidation appointing a receiver does not become final until all possible appeals have been exhausted. An order of liquidation

which is not appealed is final as of the day it was issued.

In the instant case, the Illinois order of liquidation appointing a receiver to take possession and control of Security did not become final until June 21, 1983, the date on which the Illinois Supreme Court issued its mandate denying Security's leave to appeal. On that date, the MPCG became responsible for Security's obligations and became entitled to a six-month stay of proceedings. The judgment of default was entered within the six-month period in violation of § 7945. Therefore, we conclude that the trial court abused its discretion by failing to set aside the judgment. GCR 1963, 528.3(6).

We do not, however, set aside the entry of default. Default was entered 17 months before Security became an insolvent insurer by final order of the Illinois courts. Security had notice of plaintiff's claim and was not denied the opportunity to properly defend. The remand of this case to the trial court does not necessarily entitle defendant to a trial on the merits. We merely set aside the judgment because it was not properly entered. Plaintiff is not precluded from again seeking default judgment since the six-month stay has expired and defendant did not seek an extension of the stay pursuant to § 7945.

Default judgment is set aside. Remanded for further proceedings.