AUTO CLUB INSURANCE ASSOCIATION v MERIDIAN MUTUAL
INSURANCE COMPANY

Docket No. 150663. Submitted May 5, 1994, at Detroit. Decided
September 19, 1994, at 9:50 A.M.

Auto Club Insurance Association brought an action in the Oak-
land Circuit Court against Meridian Mutual Insurance Com-
pany and Michigan Property & Casualty Guaranty Association
(MPCGA), seeking a declaration regarding the parties' liability
for personal protection insurance benefits for James Gillies,
who was injured in a single-vehicle accident while he was a
passenger in an automobile driven by James Dorsett. Auto Club
was Dorsett's no-fault insurer at the time of the accident, and
Gillies was insured under a no-fault policy issued by Cadillac
Insurance Company. At the time of the accident, Gillies resided
with his mother, who had a policy of no-fault insurance issued
by Meridian. After the accident, Cadillac paid personal protec-
tion insurance benefits to Gillies until it became insolvent and
stopped paying those benefits. Gillies then sought payment of
those benefits from Auto Club and Meridian. Meridian claimed
that the MPCGA took the place of Cadillac and was responsible
for Cadillac's obligation. Auto Club, the MPCGA, and Meridian
each sought summary disposition. The court, Robert C. Ander-
son, J., granted summary disposition for Auto Club and the
MPCGA. Meridian appealed. The parties agreed that Meridian
has a higher order of priority for the payment of the benefits
under MCL 500.3114; MSA 24.13114 than does Auto Club.
Therefore, Auto Club is not a party to the appeal.

The Court of Appeals *held:*

The trial court properly granted summary disposition for the
MPCGA. The MPCGA is an insurer of last resort. Therefore, the
insured of the insolvent insurer must turn to the insurance
company that is next in the order of priority, Meridian, to

REFERENCES

Am Jur 2d, Automobile Insurance § 319.

Validity, construction, and effect of statute establishing compensa-
tion for claims not paid because of insurer's insolvency. 30
ALR4th 1110.

Primary insurer's insolvency as affecting excess insurer's liability.
85 ALR4th 729.

receive personal protection insurance benefits. The MPCGA is obligated to pay those benefits only when there is no solvent insurer obligated to pay them.

Affirmed.

INSURANCE — PROPERTY AND CASUALTY GUARANTY ASSOCIATION — INSOLVENT INSURERS — OTHER INSURANCE.

The Michigan Property & Casualty Guaranty Association, which protects insureds against financial losses due to the insolvency of insurers, is an insurer of last resort; where coverage is available under another, valid policy, that coverage must be exhausted before the Michigan Property & Casualty Guaranty Association becomes liable for the payment of benefits (MCL 500.7931[3]; MSA 24.17931[3]).

*Foster, Swift, Collins & Smith, P.C.* (by *Michael D. Sanders* and *Mark H. Canady*), for Meridian Mutual Insurance Company.

*Dykema Gossett* (by *Suzanne Sahakian* and *Maria Del Monaco*), for the Michigan Property & Casualty Guaranty Association.

Before: GRIFFIN, P.J., and SAWYER and P. H. CHAMBERLAIN,* JJ.

SAWYER, J. Defendant Meridian Mutual Insurance Company appeals from an order of the circuit court granting summary disposition for plaintiff Auto Club Insurance Association (MPCGA) and defendant Michigan Property & Casualty Guaranty Association. We affirm.

The underlying facts of this case are undisputed. James Gillies was injured in a single-vehicle accident while he was a passenger in a car driven by James Dorsett. Plaintiff Auto Club was Dorsett's insurer at the time and Gillies was insured under a policy issued by the now-insolvent Cadillac Insurance Company. At the time of the accident, Gillies resided with his mother, who was insured

---

* Circuit judge, sitting on the Court of Appeals by assignment.

by defendant Meridian. Pursuant to MCL 500.3114; MSA 24.13114, Cadillac paid personal protection insurance benefits to Gillies. However, after Cadillac had paid nearly $30,000 in benefits, it became insolvent and stopped paying those benefits to Gillies.

After Cadillac ceased paying benefits, Gillies sought benefits from Auto Club, as the insurer of the driver, and from Meridian, his mother's insurer. Meridian, however, claimed that the MPCGA took the place of Cadillac and, therefore, was responsible for the payment of the personal protection insurance benefits that were Cadillac's obligation.[1] The MPCGA is established under Chapter 79 of the Insurance Code, MCL 500.7901 et seq.; MSA 24.17901 et seq., and, in essence, insures insurers. That is, its purpose is to protect insureds against financial losses due to the insolvency of insurers and to establish a mechanism to pay certain obligations of insolvent insurers. Yetzke v Fausak, 194 Mich App 414, 418; 488 NW2d 222 (1992).

At dispute here is the role of the MPCGA with respect to the payment of personal protection insurance benefits when those benefits are the obligation of an insolvent insurer. Meridian, the insurer next in line of priority under MCL 500.3114; MSA 24.13114, maintains that the MPCGA steps into the shoes of the insolvent insurer, in this case Cadillac, and assumes responsibility for the payment of those benefits. The MPCGA, on the other hand, maintains that it is, in essence, an insurer of last resort and, therefore, that the insured must turn to the insurance company that is next on the order of priority to receive personal protection

---

[1] The parties have since agreed that Meridian, the insurer of Gillies' mother with whom Gillies resided, has a higher order of priority under MCL 500.3114; MSA 24.13114 than does Auto Club, insurer of the driver, and therefore Auto Club is not a party to this appeal.

insurance benefits and that the MPCGA is obligated to pay those benefits only when there is no solvent insurer obligated to pay them. The trial court ruled in favor of the MPCGA, as do we.

This dispute may be resolved by considering the role of the MPCGA and determining whether it is little more than a reinsurer who assumes all the obligations of an insolvent insurer or an insurer of last resort who assumes the obligations of an insolvent insurer only when the insured has nowhere else to turn. In answering this question, two sources are helpful.

First, we look to the Insurance Code, in particular the provisions of MCL 500.7931(3); MSA 24.17931(3), which provides in pertinent part as follows:

> If damages or benefits are recoverable by a claimant or insured under an insurance policy other than a policy of the insolvent insurer, or from the motor vehicle accident claims fund, or a similar fund, the damages or benefits recoverable shall be a credit against a covered claim payable under this chapter.

This statutory provision, in our opinion, reflects a statutory intent that an insured must first look to other possible insurance coverage before looking to the MPCGA for payment of the obligations of an insolvent insurer. That is, this statutory provision reflects an intent by the Legislature to make the MPCGA an insurer of last resort rather than merely a reinsurer who simply assumes the obligations of an insolvent insurance company.

Also helpful in our analysis is this Court's opinion in *Yetzke, supra.* In *Yetzke,* plaintiff Patrick Yetzke was injured in an automobile accident that allegedly was caused by Larry Fausak's drunk driving. The plaintiffs instituted an action against

Fausak, whose liability insurer, Cadillac, was ordered liquidated following the accident. The plaintiffs' own insurance carrier paid under an uninsured motorist coverage provision of the plaintiffs' policy. The MPCGA, which was added as a defendant in place of Cadillac, then claimed a setoff in the amount of that coverage. Because the liability limits of the policy issued by Cadillac to Fausak were less than the uninsured motorist coverage of the plaintiffs' policy, the setoff would completely cover the liability limits. The plaintiffs argued, unsuccessfully, that the setoff for the uninsured motorist coverage should be applied to the total value of the underlying claim, not the amount of coverage supplied by Cadillac's policy. In resolving this dispute, this Court opined as follows:

> Plaintiffs mistakenly maintain that the purpose of the act is for the MPCGA to step into the shoes of insolvent insurers. To the contrary, the purpose is to protect those persons who have a right to rely on the existence of an insurance policy, who otherwise would be rendered helpless because of an insurer's insolvency. . . . [T]he setoff provision of MCL 500.7931(3); MSA 24.17931(3) clearly states that if coverage is available under another, valid policy, that coverage must be exhausted before the MPCGA becomes involved. We believe this is a reasonable limit upon the MPCGA's liability intended by the Legislature and is consistent with the purpose of the act. [*Yetzke, supra* at 422.]

In light of the *Yetzke* opinion, as well as the statutory scheme, we are satisfied that the role of the MPCGA is that of an insurer of last resort. That is, an insured of an insolvent insurer can look to the MPCGA for coverage only if there is no other insurance company to turn to for coverage. In the context of the case at bar, the insured does have another insurance company to turn to for cover-

age, namely, Meridian, as the insurer at the next level of priority. The MPCGA, on the other hand, would be liable for the payment of personal protection insurance benefits only if there were no solvent insurer at any level of priority.

For the above reasons, we conclude that the trial court correctly determined that Meridian, as the insurer next in the order of priority, was responsible for the payment of personal protection insurance benefits and, therefore, properly granted summary disposition for the MPCGA.

Affirmed. The MPCGA may tax costs.