# STATE OF MICHIGAN

# COURT OF APPEALS

STANLEY JACKSON,

        Plaintiff-Appellant,

v

SUBURBAN MOBILITY AUTHORITY FOR
REGIONAL TRANSPORTATION,

        Defendant-Appellee.

UNPUBLISHED
July 6, 2017

No. 331253
Macomb Circuit Court
LC No. 2014-004860-NF

Before: FORT HOOD, P.J., and CAVANAGH and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff Stanley Jackson appeals as of right the trial court's order granting summary disposition under MCR 2.116(C)(10) in favor of defendant Suburban Mobility Authority for Regional Transportation ("SMART"). We reverse and remand for further proceedings.

Plaintiff was injured on March 29, 2013, when the driver of a SMART bus shut the bus door on plaintiff's arm and pumped the brakes while plaintiff was attempting to board the bus. At the time of the injury, plaintiff did not own a vehicle, but he was living with his mother, who had an automobile insurance policy issued by American Fellowship Mutual Insurance Company (American). Also at the time of the injury, American had been placed in Chapter 81 rehabilitation pursuant to MCL 500.8101 *et seq*. Shortly after the injury, plaintiff sent notice of his injury to SMART pursuant to the notice requirement for recovery of no-fault benefits under MCL 500.3145(1); however, plaintiff did *not* send any notice to American. SMART was self-insured. Shortly after that notice was sent, American was liquidated, and a deadline of December 12, 2013, was set for the filing of any claims against American. At no time did plaintiff provide any notice to American or attempt to commence any claim against American or the Michigan Property and Casualty Guaranty Association (MPCGA). The instant action, solely against SMART, was commenced on December 22, 2014.

A grant or denial of summary disposition is reviewed de novo on the basis of the entire record to determine if the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). For the purposes of the instant appeal, there are no material facts in dispute; rather, the issue is entirely a question of law and statutory interpretation. We review de novo questions of statutory interpretation, with the goal of giving

effect to the Legislature's intent; unambiguous language must be applied as it is written. *Gladych v New Family Homes, Inc*, 468 Mich 594, 597; 664 NW2d 705 (2003).

It is not disputed that in theory American should have been a higher-priority insurer than SMART, which is self-insured. As defendant argues and plaintiff correctly admits, the insurer of a relative with whom a plaintiff resides would be the highest priority insurer for an injured person who was not required to have insurance of his own. MCL 500.3114(1); *Corwin v DaimlerChrysler Ins Co*, 296 Mich App 242, 254-256; 819 NW2d 68 (2012). If no such insurance is available, the next insurers in priority would be "the insurer of the owner or registrant of the vehicle occupied" and then "the insurer of the operator of the vehicle occupied." MCL 500.3114(4). As a consequence, there is no dispute that under the ordinary course of affairs, American should have been the highest-priority insurer. At issue is what effect, if any, American's insolvency and liquidation had on the priority of insurers.

Pursuant to MCL 500.3145(1), a claim for no-fault insurance benefits must be filed within one year of the injury unless, in relevant part, the insurer had been properly notified of the injury within that one year. See *Perkovic v Zurich American Insurance Co*, ___ Mich ___, ___; 893 NW2d 322 (2017) (Docket No. 152484), slip op at 4-5. Plaintiff's accident occurred on March 29, 2013. American was liquidated and the deadline for filing claims against it expired long before the statutory limitations period for giving notice or filing a claim did. There is no dispute that plaintiff never notified American or attempted to file a claim against it. However, by the time American *ceased to exist*, there remained approximately three and a half months under MCL 500.3145(1) to file notice or a claim. The trial court's conclusion that plaintiff was "untimely" is simply wrong under the *correctly applicable* statutory framework; i.e., the no-fault act. The situation might be different if no-fault limitations period expired first, but on these facts, by the time plaintiff was required to file notice or a claim, his mother no longer had an insurer to pursue.

Additionally, the MPCGA is not a "substitute" insurer at the highest priority. Rather, the MPCGA is strictly an insurer of last resort and only liable if no other solvent insurer exists at any level of priority. *Auto Club Ins Ass'n v Meridian Mutual Ins Co*, 207 Mich App 37, 40-42; 523 NW2d 821 (1994). Irrespective of SMART's contentions about exactly where in the priority stack it lies and whether plaintiff properly commenced the action against it, SMART indisputably is a solvent insurer at *some* level of priority. If plaintiff's mother's policy did not cover plaintiff, or did not exist at all, there is no question that SMART would be liable. It is therefore definitionally at a higher priority than the MPCGA. Plaintiff therefore properly did not file his claim against the MPCGA, and the MPCGA cannot be liable in place of SMART.

SMART argues, in effect, that because American existed at the time of the injury for a time thereafter, plaintiff was obligated to file a claim against American, even after American became insolvent, in order to proceed against SMART. This argument elevates procedure over substance. As discussed, it might be accurate had American still existed when the no-fault limitations period expired; however, that limitations period did not obligate plaintiff to provide notice or file a claim until after it was no longer possible to proceed against American in any way. SMART's argument would at this point simply mandate jumping through useless procedural hoops. In any event, a no-fault insurer may not deny benefits on the basis of a potentially existing higher-priority insurer. See, e.g., *Regents of the Univ of Mich v State Farm*

-2-

*Mut Ins Co*, 250 Mich App 719, 737; 650 NW2d 129 (2002) ("when the only question is which of two insurers will pay, it is unreasonable for an insurer to refuse payment of benefits"), and *Bloemsma v Auto Club Ins Co*, 174 Mich App 692, 697; 436 NW2d 442 (1989) ("A dispute of priority among insurers will not excuse the delay in making timely payment."). In any event, by the time the no-fault limitations period expired, no such higher-priority insurer existed.

Although SMART correctly cites case law in which the insureds had filed claims against their own insurer in addition to lower-priority insurers, we can find no case law *requiring* an insurer to do so. Rather, it appears that the expected procedure is for the paying insurer to sue the higher-priority insurer or for the sued insurer to join the higher-priority insurer in the suit. See, e.g., *Grange Ins Co of Mich v Lawrence*, 494 Mich 475; 835 NW2d 363 (2013) ("household" insurer that paid medical bills commenced an action to recoup payments from the insurer of the vehicle); *Rambin v Allstate Ins Co*, 297 Mich App 679, 682 n 2; 825 NW2d 95 (2012), aff'd in part & rev'd in part 495 Mich 316; 852 NW2d 34 (2014) ("Third-party defendant AAA of Michigan, the insurer of a relative with whom plaintiff resided, was added to the case by defendant Allstate, as a potential higher-priority insurer").

Finally, SMART argues that plaintiff's claim is not a "covered claim" because he failed to file it against the liquidation estate, so SMART's liability under MCL 500.7931(3) was never triggered. As noted, the no-fault limitations period did not obligate plaintiff to file a claim at all until the liquidation estate had closed. In any event, a "covered claim" is limited to obligations that "[a]re presented as a claim to the receiver in this state or the association on or before the last date fixed for the filing of claims" in the liquidation proceedings. MCL 500.7925(1)(c). Plaintiff did not do so, but he was not seeking benefits from the MPCGA under the MPCGA Act; he sought no-fault benefits from an insurer under the no-fault act.

Accordingly, we conclude that plaintiff's suit should not have been dismissed on the basis of his failure to file a claim against the insolvent American Fellowship. We therefore reverse and remand for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Karen M. Fort Hood
/s/ Mark J. Cavanagh
/s/ Amy Ronayne Krause