# STATE OF MICHIGAN

# COURT OF APPEALS

NEXHMEDIN QAFLESHI,

      Plaintiff-Appellant,

v

LINCOLN GENERAL INSURANCE COMPANY
and FARMERS INSURANCE EXCHANGE,

      Defendants-Appellees.

UNPUBLISHED
July 19, 2018

No. 335835
Wayne Circuit Court
LC No. 14-014402-NI

Before: FORT HOOD, P.J., and SERVITTO and BECKERING, JJ.

PER CURIAM.

In this appeal, plaintiff Nexhmedin Qafleshi challenges the trial court's order denying his motion to amend his complaint to reinstate defendant Farmers Insurance Exchange (Farmers) as a party to this litigation, after Farmers had obtained an order granting summary disposition in its favor. For the reasons set forth in this opinion, we affirm.

## I. FACTS

Plaintiff, a truck driver, allegedly sustained injuries in a 2008 motor-vehicle accident near Ann Arbor, Michigan. Plaintiff's employer, the owner of the vehicle plaintiff was driving, insured it with a policy issued by defendant Lincoln General Insurance Company.[1] Plaintiff's employer was located in Illinois and obtained the policy from Lincoln General in Illinois. As relevant to this appeal, where plaintiff was uncertain about and had unspecified questions regarding the appropriate insurer to provide him no-fault benefits, he filed a claim with the Michigan Assigned Claims Plan (MACP), which assigned Farmers to handle plaintiff's claim.

Lincoln General's apparent failure or refusal to pay no-fault benefits prompted plaintiff to file two previous lawsuits in 2011 and 2013. In the 2011 suit, plaintiff sued Lincoln General alleging wrongful refusal to pay no-fault benefits, and the case ended with a monetary settlement payment by Lincoln General. Plaintiff sued Lincoln General again in 2013, this time suing Farmers as well. Plaintiff ultimately voluntarily dismissed Farmers from the lawsuit and settled

---

[1] Lincoln General has not filed an appearance or otherwise participated in this appeal.

with Lincoln General. Plaintiff filed the present lawsuit against Lincoln General and Farmers in 2014, apparently out of concern that Lincoln General would become insolvent. Given that Lincoln General was not in fact insolvent when the lawsuit was filed, Farmers moved for summary disposition, arguing (1) that it was not a proper insurer, (2) that Farmers was improperly assigned to be plaintiff's assigned insurer through the MACP, and (3) that the Michigan Property and Casualty Guaranty Association (MPCGA) was the proper party to handle plaintiff's claim if Lincoln General were in fact insolvent. The record reflects that plaintiff sought Farmers's concurrence in amending the complaint to add the MPCGA as a defendant in April 2015, but for reasons unclear from the record the MPCGA was not added as a defendant.

At the hearing on Farmers's motion for summary disposition, counsel for Lincoln General was present and confirmed that, while Lincoln General was in receivership, it was, at the time of the hearing, solvent and had sufficient funds to pay plaintiff's claim. The trial court, noting that "[i]t [wa]s undisputed that Lincoln General is a solvent company," granted summary disposition in favor of Farmers without prejudice.

Eventually, after Farmers's dismissal and while this case was still pending, Lincoln General *did* become insolvent and moved for dismissal. In its motion, Lincoln General asserted that plaintiff's proper remedy would be found by proceeding against Lincoln General's receiver through the procedure set forth in MCL 500.8156, by which plaintiff would proceed against Lincoln General's estate under the order of liquidation entered in Pennsylvania. Plaintiff did not respond to that motion or otherwise object, but instead filed a motion seeking leave to amend the complaint to reinstate Farmers as a defendant. The trial court, noting that Lincoln General's insolvency left alternate remedies for plaintiff to pursue, granted Lincoln General's motion to dismiss. The trial court subsequently heard plaintiff's motion seeking leave to amend the complaint. Noting that the "MACP only assigns an insurer if there is no insurance" and agreeing with Farmers that the proper procedure upon Lincoln General's liquidation was for plaintiff to file a claim with the MPCGA, the trial court denied plaintiff's motion. Plaintiff now appeals as of right.

## II. STANDARD OF REVIEW

A trial court's decision to grant or deny a motion for leave to amend a pleading is reviewed on appeal for an abuse of discretion. *Wormsbacher v Seaver Title Co*, 284 Mich App 1, 8; 772 NW2d 827 (2009). In reviewing the trial court's determination, we accord it significant deference, and will only reverse the trial court's decision where it is outside the range of principled outcomes. *Id*.

## III. ANALYSIS

The applicable court rule provides that leave to amend a complaint "shall be freely given when justice so requires." MCR 2.118(A)(2). However, an exception to this general rule is that leave may be denied where the proposed amendment would be futile. *Miller v Chapman Contracting*, 477 Mich 102, 106; 730 NW2d 462 (2007).

While this appeal requires us to review the trial court's decision to deny plaintiff's motion seeking leave to amend the complaint, several provisions of the no-fault act, MCL

500.3101 *et seq*. are pertinent to our analysis and ultimate decision. We turn first to MCL 500.3172(1), the statutory subsection which determines a claimant's eligibility for personal protection insurance (PIP) benefits through the MACP.[2] This statutory subsection provides, as follows:

> *A person entitled to claim because of accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle in this state may obtain personal protection insurance benefits through the assigned claims plan if no personal protection insurance is applicable to the injury, no personal protection insurance applicable to the injury can be identified, the personal protection insurance applicable to the injury cannot be ascertained because of a dispute between 2 or more automobile insurers concerning their obligation to provide coverage or the equitable distribution of the loss, or the only identifiable personal protection insurance applicable to the injury is, because of financial inability of 1 or more insurers to fulfill their obligations, inadequate to provide benefits up to the maximum prescribed.* In that case, unpaid benefits due or coming due may be collected under the assigned claims plan and the insurer to which the claim is assigned is entitled to reimbursement from the defaulting insurers to the extent of their financial responsibility. [Emphasis added.]

In the trial court, as on appeal, Farmers claims that an amendment of the complaint to bring Farmers back into this lawsuit would be futile because plaintiff is not qualified to receive benefits through the MACP where none of the conditions enumerated in § 3172(1) were met when plaintiff filed an MACP claim. We agree with Farmers' contention. According to plaintiff in his brief on appeal, he was aware of the existence of the no-fault policy with Lincoln General from the outset following the subject motor vehicle accident but appeared to be uncertain whether he would be able to obtain benefits from it. Since Lincoln General conceded that the policy applied, and plaintiff admitted knowing about the Lincoln General policy, the first two conditions set forth in § 3172(1) are not applicable. Similarly, at the time plaintiff made the MACP claim, there were not two insurers disputing which one had coverage. The only no-fault policy at issue at that point was the Lincoln General policy. Finally, a review of the record confirms that while Lincoln General, at the time plaintiff made his MACP claim, may have been undergoing financial difficulties, Lincoln General was not, because of "financial inability" unable to "fulfill [its] obligations" to provide no-fault benefits to the maximum amount required. MCL 500.3172(1).[3]

---

[2] This Court will construe statutory language "by considering the plain meaning of the statute . . . in order to ascertain its meaning. Generally, clear statutory language must be enforced as written." *Patel v Patel*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 339878); slip op at 4 (citation omitted).

[3] An order of liquidation for Lincoln General was entered in the Commonwealth Court of Pennsylvania on November 5, 2015.

As Farmers points out in its brief on appeal, where Lincoln General subsequently became insolvent, the onus is now on plaintiff to pursue the appropriate redress to recover payments for his no-fault benefits. For example, MCL 500.7921(a), part of the Michigan Property and Casualty Guaranty Association Act, MCL 500.7901 *et seq.*, defines an "[i]nsolvent insurer" in the following terms:

> "Insolvent insurer" means an insurer which has been a member insurer and against whom a final order of liquidation has been entered with a finding of insolvency by a court of competent jurisdiction in the insurer's state of domicile. The date on which the order becomes final shall be the date on which all appeals of the finding of insolvency are exhausted. If the finding of insolvency in the order of liquidation is not appealed, the order of liquidation shall be considered final on the date the order was issued.

MCL 500.7931(1) provides for the circumstances under which the MPCGA "may pay or discharge covered claims[.]" MCL 500.7931(1). Moreover, MCL 500.7925(1) defines "covered claims," in the following manner:

> "Covered claims" means obligations of an insolvent insurer that meet all of the following requirements:
>
> (a) Arise out of the insurance policy contracts of the insolvent insurer issued to residents of this state or are payable to residents of this state on behalf of insureds of the insolvent insurer.
>
> (b) Were unpaid by the insolvent insurer.
>
> (c) Are presented as a claim to the receiver in this state or the association on or before the last date fixed for the filing of claims in the domiciliary delinquency proceedings.
>
> (d) Were incurred or existed before, at the time of, or within 30 days after the date the receiver was appointed.
>
> (e) Arise out of policy contracts of the insolvent insurer issued for all kinds of insurance except life and disability insurance.
>
> (f) Arise out of insurance policy contracts issued on or before the last date on which the insolvent insurer was a member insurer.[4]

---

[4] As this Court observed in *Auto Club Ins Ass'n v Meridian Mut Ins Co*, 207 Mich App 37, 41; 523 NW2d 821 (1994), when an insured is placed in a position where there is no insurance company to provide coverage, the insured can pursue coverage through the MPCGA.

MCL 500.8156(1) also provides redress to plaintiff with respect to pursuing a claim against Lincoln General:

> In a liquidation proceeding in a reciprocal state against an insurer domiciled in that state, claimants against the insurer who reside within this state may file claims either with the ancillary receiver, if any, in this state or with the domiciliary liquidator. Claims must be filed on or before the last dates fixed for the filing of claims in the domiciliary liquidation proceeding.

Plaintiff's reliance on *Spencer v Citizens Ins Co*, 239 Mich App 291; 608 NW2d 113 (2000), for the proposition that Farmers is responsible to pay plaintiff's no-fault benefits is not persuasive. In *Spencer*, the defendant became an assigned insurer through the MACP because the plaintiff did not have any other no-fault insurance and did not live with someone who did. *Id*. at 295. This Court, after considering the purposes of the no-fault act, as well as the language of MCL 500.3172, concluded that the assigned insurer could not unilaterally decide to stop paying benefits to the plaintiff once the assigned insurer determined that a higher-priority insurer existed. *Spencer*, 239 Mich App at 304-305. However, the principle holding of *Spencer* is not of assistance to plaintiff in the instant case, where, unlike the plaintiff in *Spencer*, plaintiff did not qualify to receive benefits through the MACP. *Id*. at 302. Specifically, Farmers was named an assigned insurer even though plaintiff's insurance with Lincoln General had been ascertained, and when Lincoln General was still solvent.[5] Accordingly, under the circumstances of this case, where the trial court correctly determined that plaintiff is not qualified to receive benefits through the MACP pursuant to the plain language of MCL 500.3172(1), we are not persuaded by plaintiff's argument that the trial court abused its discretion in denying his motion seeking leave to amend the complaint.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Deborah A. Servitto
/s/ Jane M. Beckering

---

[5] To the extent that plaintiff points to *KG v State Farm Mut Auto Ins Co*, 674 F Supp 2d 862 (ED Mich, 2009), as support for the claim that Farmers could not unilaterally decide not to tender no-fault benefits to plaintiff, we take this opportunity to note that *KG* is also distinguishable from the facts in the present appeal, where in that case the plaintiff was qualified to receive benefits through the MACP.