*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GARY MATHIS,

      Plaintiff-Appellee,

v

AUTO OWNERS INSURANCE,

      Defendant,

and

HOME-OWNERS INSURANCE COMPANY,

      Defendant-Appellant,

and

MICHIGAN PROPERTY & CASUALTY
GUARANTY ASSOCIATION,

      Defendant-Appellee.

UNPUBLISHED
November 9, 2021

No. 354824
Berrien Circuit Court
LC No. 19-000024-MF

Before: MURRAY, C.J., and MARKEY and RIORDAN, JJ.

PER CURIAM.

Defendant Home-Owners Insurance Company (Home-Owners) appeals as of right an order granting codefendant Michigan Property & Casualty Guaranty Association's (MPCGA) motion for summary disposition pursuant to MCR 2.116(C)(10). We affirm.

## I. FACTS AND PROCEEDINGS

Plaintiff was injured while alighting from a semitruck during his employment. At the time of the injury, plaintiff's employer had a worker's disability compensation insurance policy through Guaranty Insurance, as well as a no-fault insurance policy for the semitruck through Home-

-1-

Owners. Plaintiff applied for and received benefits from Guaranty Insurance. While Guaranty Insurance was in the course of paying plaintiff's benefits, it became insolvent. As a result of Guaranty Insurance's insolvency, the MPCGA assumed responsibility for plaintiff's claim.

The MPCGA then refused to pay plaintiff's benefits under the worker's disability compensation insurance policy and asserted that Home-Owners, the no-fault insurer, had priority for plaintiff's injury. Home-Owners disagreed, and this lawsuit ensued.[1] Both the MPCGA and Home-Owners moved for summary disposition. The MPCGA argued that it was entitled to a declaration that Home-Owners had priority for plaintiff's benefits under MCL 500.7931. Home-Owners, on the other hand, argued that it did not have priority under MCL 500.3106(2)(b). Home-Owners also requested a stay of the Worker's Disability Compensation Board of Magistrates' adjudication of an associated case that had been filed with the Board of Magistrates involving this same injury. Following a hearing, the trial court granted summary disposition in favor of the MPCGA, ruled that the Home-Owners policy had priority, and ruled its motion to stay the case was moot. Home-Owners now appeals.

## II. SUMMARY DISPOSITION

Home-Owners first argues that the trial court erred when it granted the MPCGA's motion for summary disposition and denied Home-Owners's motion for summary disposition. We disagree. A trial court's decision whether to grant a motion for summary disposition is reviewed de novo. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009).

The MPCGA was created by, and operates under, the Property and Casualty Guaranty Association Act (the Guaranty Act), MCL 500.7901 *et seq*. See MCL 500.7911. The MPCGA is a legislatively created means of paying and discharging obligations of insolvent insurers. See *Young v Shull*, 149 Mich App 367, 373; 385 NW2d 789 (1986). The MPCGA is an association of all insurers authorized to engage in the business of insurance in Michigan, excluding life or disability insurance. MCL 500.7911(1). Each insurer is "a member of the association as a condition of its authority to transact insurance business in this state." *Id*. In addition to the Guaranty Act, the MPCGA is subject to the laws of Michigan to the extent that it would be subject to those laws if it were an insurer organized and operating under Chapter 50 of the Insurance Code of 1956, MCL 500.100 *et seq*., but only to the extent that those laws are consistent with the Guaranty Act. MCL 500.7911(3).

The Guaranty Act defines a "covered claim" for which the MPCGA may be responsible. MCL 500.7925(1). The MPCGA is not obligated to pay benefits for all "covered claims." MCL 500.7931(3). The credit provision of the Guaranty Act provides that the MPCGA shall receive a credit against a covered claim if damages or benefits are recoverable by a claimant or insured under an insurance policy other than a policy of the insolvent insurer. *Id*.

---

[1] Plaintiff originally filed suit against Auto Owners Insurance and Home-Owners; however, Auto Owners was later dismissed by stipulation.

No-fault insurance policies are governed by the no-fault act, MCL 500.3101 *et seq.* Under the no-fault act, an insurer is liable only to pay benefits for "accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle." MCL 500.3105(1). Accidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle if benefits under the Worker's Disability Compensation Act, MCL 418.101 *et seq.*, are available to an employee who sustains the injury in the course of his or her employment while alighting from the vehicle. MCL 500.3106(2)(a). The Legislature's purpose for creating the no-fault exclusion found in MCL 500.3106(2) was to prevent an injured person from receiving duplicative benefits under both no-fault insurance act and workers' compensation. *Adanalic v Hatco Nat'l Ins Co*, 309 Mich App 173, 188; 870 NW2d 731 (2015).

The purpose of the Guaranty Act is to protect against financial losses to either policyholders or claimants due to the insolvency of insurers. *Yetzke v Fausak*, 194 Mich App 414, 418; 488 NW2d 222 (1992). The Guaranty Act is not designed for the purpose of the MPCGA to step into the shoes of insolvent insurers, but instead "to protect those persons who have a right to rely on the existence of an insurance policy, who otherwise would be rendered helpless because of an insurer's insolvency." *Id.* at 422.

"[T]he role of the MPCGA is that of an insurer of last resort," which an insured of an insolvent insurer can look to for coverage "only if there is no other insurance company to turn to for coverage." *Auto Club Ins Ass'n v Meridian Mut Ins Co*, 207 Mich App 37, 41; 523 NW2d 821 (1994). *Meridian* rejected the notion that the MPCGA is merely a reinsurer that simply assumes the obligations of an insolvent insurance company. *Id.* at 40. Emphasizing this point, *Meridian* stated that the MPCGA "would be liable for the payment of personal protection insurance benefits only if there were no solvent insurer at any level of priority." *Id.* at 42.

In the instant case, the trial court determined that the MPCGA does not "stand in the exact shoes" of the insolvent insurer, but instead the MPCGA is an insurer of last resort whose purpose is to protect insureds against financial loss due to insurer insolvency. The trial court also determined that when the MPCGA satisfies "covered claim" obligations of the insolvent insurers, it does so pursuant to the Guaranty Act, not the Worker's Disability Compensation Act or the no-fault act, so MCL 500.3106(2)(a) does not preclude coverage by Home-Owners. The trial court stated that plaintiff must first exhaust the benefits from every other insurance policy before he is entitled to benefits from the MPCGA. Thus, the trial court granted the MPCGA's motion for summary disposition and ruled that plaintiff was required to first exhaust policy benefits from Home-Owners before the MPCGA would be required to pay benefits. We generally agree with that analysis.

It is undisputed that plaintiff's claim is a "covered claim" as defined by the Guaranty Act. See MCL 500.7925. However, under MCL 500.7931(3), the MPCGA is not obligated to pay all benefits on all covered claims. Rather, the MPCGA is entitled to a credit for any covered claim if damages or benefits are recoverable by plaintiff from a solvent insurer. See MCL 500.7931(3);

*Meridian*, 207 Mich App 41-42.[2]  Here, when Guaranty Insurance became insolvent and plaintiff could no longer collect benefits under that policy, plaintiff could turn to Home-Owners's no-fault insurance policy for benefits.  In other words, the MPCGA was entitled to a "credit," i.e., a reduction in its obligation, to the extent that Home-Owners was available to pay benefits to plaintiff.  Simply put, the MPCGA can only be an insurer of last resort and, therefore, cannot be the first-priority insurer ahead of Home-Owners.  See *Meridian*, 207 Mich App at 41-42.

We also note that MCL 500.3106 is intended to preclude double recovery by injured persons under both no-fault insurance and worker's compensation insurance.  See *Adanalic*, 309 Mich App at 188.  By determining that the MPCGA is obligated only to pay benefits once all other potential benefits have been paid and that the MPCGA is entitled to a credit for all benefits paid by other insurers, there is no possibility that plaintiff could receive benefits from both Home-Owners and the MPCGA.[3]

Home-Owners additionally argues that the MPCGA is precluded from receiving a credit for a claim arising out of the Worker's Disability Compensation Act by the final sentence of the credit provision of the Guaranty Act.  See MCL 500.7931(3).  This sentence states that

> [i]f the claims made arise under the worker's disability compensation act of 1969, 1969 PA 317, MCL 418.101 to 418.941, this subsection does not provide credits in excess of those specified in section 354 of the worker's disability compensation act of 1969, 1969 PA 317, MCL 418.354, and does not limit the liability of the guaranty association or the insured under a policy of the insolvent insurer for benefits provided under the worker's disability compensation act of 1969, 1969 PA 317, MCL 418.101 to 418.941.  [MCL 500.7931(3).]

Home-Owners contends that this sentence, which states that MCL 500.7931(3) "does not limit the liability of the guaranty association or the insured under a policy of the insolvent insurer for benefits provided under the worker's disability compensation act," means that the MPCGA cannot receive a credit for any claims under the Worker's Disability Compensation Act.  Home-Owners therefore concludes that the MPCGA cannot receive a credit for plaintiff's claim because

---

[2] Specifically, MCL 500.7931(3) provides, in relevant part, that "[i]f damages or benefits are recoverable by a claimant other than from any disability policy or life insurance policy owned or paid for by the claimant or by a claimant or insured under an insurance policy other than a policy of the insolvent insurer, or under a self-insured program of a self-insured entity, the damages or benefits recoverable shall be a credit against a covered claim payable under this chapter."

[3] MCL 500.3106(2) provides that "[a]ccidential bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle if benefits under the [Worker's Disability Compensation Act] . . . are available to an employee . . . ."  Home-Owners argues that in this case, benefits under the Worker's Disability Compensation Act *are* available through the MPCGA.  We agree with the trial court that the MPCGA is created and governed by the Guaranty Act, and therefore that the MPCGA provides benefits to an insured under the Guaranty Act, not the Worker's Disability Compensation Act.  Thus, MCL 500.3106(2) does not preclude coverage by Home-Owners.

-4-

such benefits are provided under the Worker's Disability Compensation Act. This argument misses the mark. "MCL 418.354 provides for the coordination of benefits, reducing an employer's obligation to pay weekly wage benefits under the WDCA when an employee simultaneously receives payments in accordance with specified benefit programs." *Smitter v Thornapple Twp*, 494 Mich 121, 130; 833 NW2d 875 (2013). The sentence of MCL 500.7931(3) in question merely provides that the obligation of the MPCGA with respect to worker's compensation benefits cannot be reduced by an amount greater than that set forth in MCL 418.354. It does not replace the priority scheme otherwise set forth by the Guaranty Act.

Given the authorities cited previously, the trial court properly held that Home-Owners is the first-priority insurer in this matter and the MPCGA is the insurer of last resort.

### III. MOTION FOR ADMINISTRATIVE STAY

Home-Owners next argues that the trial court erred when it denied Home-Owners's motion for an administrative stay. We disagree. A trial court's denial of a motion to stay is reviewed for an abuse of discretion. *People v Bailey*, 169 Mich App 492, 499; 426 NW2d 755 (1988). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Detroit Edison Co v Stenman*, 311 Mich App 367, 384-385; 875 NW2d 767 (2015).

Under MCL 418.841(1), "[a]ny dispute or controversy concerning compensation or other benefits shall be submitted to the bureau and all questions arising under this act shall be determined by the bureau or a worker's compensation magistrate, as applicable." Whether a claim is a "covered claim" under the Guaranty Act is a determination for the Board of Magistrates to make when the underlying question is whether claimant is entitled to worker's compensation benefits and the employer-employee relationship is more than tangentially involved in the case. See *Mich Prop & Cas Guar Ass'n v Checker Cab Co*, 138 Mich App 180, 182-183; 360 NW2d 168 (1984). The Board of Magistrates has exclusive jurisdiction to decide whether injuries suffered by an employee were sustained in the course of employment, but the trial court "retains jurisdiction to determine more 'fundamental' issues, and to adjudicate claims not based on the employer-employee relationship." *Westchester Fire Ins Co v Safeco Ins Co*, 203 Mich App 663, 669; 513 NW2d 212 (1994) (citations omitted). *Westchester* held that a matter was properly before the trial court when the employment relationship was merely incidental to the contractual claim for reimbursement. *Id.* at 670-671. *Westchester* noted that when the rights of an employee in a pending claim are not at stake, many commissions disavow jurisdiction and send the parties to the trial courts for relief. *Id.* at 670. This may happen "when the question is purely one between two insurers". *Id.* (citation omitted).

In the instant case, the ultimate issue before the trial court was whether Home-Owners or the MPCGA had priority under the Guaranty Act and the no-fault act. The MPCGA does not dispute on appeal, and did not dispute in the trial court, that plaintiff's claim is a "covered claim" under the Guaranty Act. The trial court's analysis was controlled by the no-fault act and the Guaranty Act, and did not involve the Worker's Disability Compensation Act. Therefore, the issue is not within the exclusive jurisdiction of the Board of Magistrates. See MCL 418.841(1). The trial court consequently did not abuse its discretion when it denied Home-Owners's motion to stay.

### IV. CONCLUSION

The trial court did not err by granting summary disposition in favor of the MPCGA or by denying Home-Owners's motion to stay. Accordingly, we affirm.

/s/ Christopher M. Murray
/s/ Jane E. Markey
/s/ Michael J. Riordan